CREE COACHES, INC., *v.* PANEL SUPPLIERS, INC.

1. CONTRACTS—WAIVER OF LIABILITY—VALIDITY—EQUAL BARGAINING POSITION.

Contractual waiver clauses stipulating duration of liability for defects are valid where the parties were in an equal bargaining position at the time of contracting and no matter of public policy is involved, such as a duty imposed by law.

2. LIMITATION OF ACTIONS—ACCRUAL OF CLAIM—COMMENCEMENT OF PERIOD.

The statute of limitations begins to run when the wrong upon which a claim is based occurs, regardless of when damage results (MCLA § 600.5827).

3. LIMITATION OF ACTIONS—BREACH OF WARRANTY—DISCOVERY OF BREACH—QUESTION OF FACT.

A claim for a breach of warranty of quality or fitness accrues when the breach is discovered or should reasonably have been discovered and what is a reasonable time for discovery is a question for the trier of fact (MCLA § 600.5833).

Appeal from Cass, David Anderson, Jr., J. Submitted Division 3 November 5, 1969, at Grand Rapids. (Docket No. 6,835.) Decided March 30, 1970. Leave to appeal granted June 19, 1970. 383 Mich 795.

Complaint by Cree Coaches, Inc., a division of Sterling Salem Corporation, a foreign corporation,

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 390 *et seq.*
[2] 34 Am Jur, Limitation of Actions § 113.
[3] 34 Am Jur, Limitation of Actions § 122.

against Panel Suppliers, Inc., a Michigan corporation, to recover damages for defendant's negligence, breach of express and of implied warranties in the construction of a building. Summary judgment for defendant. Plaintiff appeals. Affirmed. Defendants' motion for accelerated judgment denied. Defendant cross-appeals. Reversed as to negligence count. Affirmed as to counts of breach of express and implied warranties.

*Warner, Norcross & Judd (Wallson G. Knack,* of counsel), for plaintiff.

*Stratton, Wise, Early, Starbuck & Lennon (John T. Peters, Jr.,* of counsel), for defendant.

*Dresser & Dresser (John T. Svendsen,* of counsel) co-counsel for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Plaintiff and defendant entered a contract whereby defendant was to construct a building for plaintiff. The contract was dated July 13, 1960, the building was completed on November 28, 1960, and final payment was made on December 17, 1960. This contract included two clauses of relevance here:

"*Article 9*
"The Contractor shall re-execute any work that fails to conform to the requirements of the contract and that appears during the progress of the work, and shall remedy any defects due to faulty materials or workmanship which appear within a period of one year from the date of completion of the contract.

*"Article 12*

"The making and acceptance of the final payment shall constitute a waiver of all claims by the Owner, other than those arising from unsettled liens or from faulty work appearing thereafter, as provided for in Article 9 and of all claims by the Contractor except any previously made and still unsettled."

On January 27, 1967, the building collapsed from the weight of snow. On December 21, 1967, plaintiff commenced an action to recover damages with three counts alleging (1) negligence, (2) breach of express and (3) implied warranties in the construction of the building.

Defendant filed two motions in the trial court:

1) For accelerated judgment on the grounds that the action was barred by the applicable statute of limitations.

2) For summary judgment on the grounds that plaintiff had, by contract, waived all claims against defendant for any defects occurring later than one year after completion.

The trial court granted the motion for summary judgment and denied the motion for accelerated judgment.

Plaintiff has appealed the decision on the motion for summary judgment and defendant has filed a cross-appeal from the denial of its motion for accelerated judgment.

Plaintiff urges that the waiver clause of Articles 9 and 12 were not sufficient to support a grant of summary judgment. The provisions were the result of unequal bargaining positions and are contrary to public policy, it is claimed.

The general rule holds that such clauses are valid when the parties are in equal bargaining position and no matter of public policy, such as a duty imposed by law, is involved; 38 Am Jur, Negligence,

§ 8, p 649; and 17 Am Jur 2d, Contracts, § 188, p 556. This Court has supported the general rule, *Shelby Mutual Insurance Co.* v. *City of Grand Rapids* (1967), 6 Mich App 95.

The lower court correctly found that the waiver in the contract was the product of fair "arms-length" bargaining by the parties and was not contrary to any public policy. The grant of the motion for summary judgment is affirmed.

As to Count 1 of the motion for accelerated judgment (count for negligence), the cross-appellant urges that under Michigan law the statute of limitations commences at the time the tort is committed, regardless of when the damage was done, MCLA § 600.5827 (Stat Ann 1962 Rev § 27A.5827). This position is supported in *Jackson* v. *Crisler* (1968), 10 Mich App 144 and *Kennedy* v. *Local 38 United Brewery, Flour, Cereal, Soft Drink & Distillery Workers of America* (1966), 3 Mich App 700. In this case then the statute would have commenced upon the completion of the building in November 1960 and the action would be barred after November 1963.

The statute in question reads:

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

Admittedly, this statute is inartfully worded and somewhat arcane, testing one's common sense in that the result can be one where a claim is stale when a plaintiff has yet had no opportunity to bring an action. Yet any other reading which might result in a statute of limitations longer than three years must

torture the language and ascribe a different legislative intent where none is apparent.

Plaintiff-appellee's argument that the statute must be interpreted so that the time for the running of the statute commences at the time of "injury" rather than "wrong" is not tenable.

The statute specifically limits the time at which a claim accrues in situations not covered by the various exceptions (none of which are relevant here). The statute in this case began to run in 1960, regardless of when the damage manifested itself. The motion for summary judgment as to count 1 was improperly denied.

Under the relevant statute dealing with breach of warranty of quality or fitness, MCLA § 600.5833 (Stat Ann 1962 Rev § 27A.5833), the claim accrues when the breach is discovered or should reasonably have been discovered. Defendant contended that here the waiver clause in Article 9 of the contract had the effect of predetermining a "reasonable time" for discovery and limiting it to one year. Plaintiff argued that "reasonable time for discovery" was a determination for trier of fact to make, taking into consideration the terms of Article 9.

The lower court properly denied the motion for accelerated judgment as to counts 2 and 3; the question is one for the trier of fact.

As to the motion for summary judgment, the lower court is affirmed.

On the motion for accelerated judgment the lower court is reversed as to count 1, affirmed as to counts 2 and 3. Costs to abide the final outcome.