Robert Thomas **CROCKER**, as Administrator of the Estate of Russell T. Crocker, Deceased, Plaintiff,

v.

**McCABE–POWERS AUTO BODY COMPANY**, a Corporation, Defendant.

Civ. A. No. 33459.

United States District Court,
E. D. Michigan, S. D.

Dec. 7, 1970.

Sugar, Schwartz, Silver, Schwartz & Tyler, Detroit, Mich., for plaintiff.

Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle, Detroit, Mich., for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENNEDY, District Judge.

The defendant has moved for a summary judgment asserting that the plaintiff's claim is barred by the applicable Michigan statute of limitations as a matter of law.

Plaintiff's complaint, filed on September 11, 1969, alleges that on March 7, 1967, Russell T. Crocker, plaintiff's decedent, was in a personnel lifting device servicing a twenty-five foot high overhead light when the device malfunctioned because of the negligence of defendant McCabe-Powers Auto Body Company in its design and manufacture. Plaintiff also alleges that defendant breached implied warranties of fitness and merchantability when it sold said device.

The motion is based upon these allegations of the complaint and the admission by the plaintiff that the product of the defendant was manufactured, and assembled and sold in 1956. Defendant's position is that under C.L.A., Section 600.5827, M.S.A. Section 27A5827 the three-year period of the statute of limitations runs from the time that the machine was negligently assembled or manufactured and that since this was in 1956, no action based on negligence could be brought after 1959, three years after the negligent acts allegedly occurred.

This would mean that some eight years before plaintiff's decedent was injured, and some eight years before defendant's negligent acts proximately caused his injuries, and eight years before he could have brought his action, the statute of limitations barred his action. Defendant claims this result is required by the following language of Section 600.5827, *supra*:

" * * * the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

The Michigan statute of limitations with respect to injuries to persons or property provides insofar as is relevant to the issue here:

*"600.5805 Injuries to person or property.*

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, *after the claim first accrued to himself or to someone through whom he claims,* he commences the action within the periods of time prescribed by this section.

"(1) The period of limitation is 2 years for actions charging assault, battery, and false imprisonment.

 * * * * * *

"(3) The period of limitations is 2 years for actions charging malpractice.

 * * * * * *

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." (Italics added).

These two sections must be construed together. It should be noted that the preamble of Section 600.5805 speaks of bringing actions "after the claim first accrued to himself (the person suing) or to someone through whom he claims." No negligence claim can accrue to a particular person until he has suffered

some injury or damage proximately caused by a tort feasor or wrongdoer.

The word "wrong" has been construed by the Michigan Supreme Court to mean injury. In People v. Quanstrom, 93 Mich. 254, 53 N.W. 165 (1892), that Court said:

> "The words 'wrong' and 'injury' are often used one for the other. An injury to the person is a wrong, * * A wrong is defined to be an injury, and an injury a wrong. A personal wrong or injury is an invasion of the personal right * * * *"

This same issue was before the undersigned when she sat as a judge of the Third Judicial Circuit of Michigan in DeLoris Hoeppner v. E. W. Bliss Company; et al., No. 106316, Circuit Court for the County of Wayne, CCH Prod. Liab. p. 8962 ¶ 6105 (1968). The position of the defendant in that case was essentially that of the defendant here. In denying the motion for summary judgment the undersigned said:

> "The Defendant concedes that the effect of the construction of these two sections which it urges would result in many instances in barring a claim for personal injuries long prior to the time that the injuries were sustained. Indeed in the instant case the Plaintiff's claim for injuries, if Defendant Bliss's position is sustained, was barred before the Plaintiff was born. Such a construction would also permit a manufacturer to insulate itself from liability for defective products by withholding them from the stream of commerce for the period of the statute of limitations; three years in Michigan and a lesser period in many other states.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> Defendant claims such a construction is required by the word 'wrong.' The 'wrong,' says Defendant Bliss, is the negligent act or omission. The Court will not, however, adopt such an unenlightened position and the ludicrous result that an action for personal injuries accrues and is barred before a

person is injured or that a claim is stale when the party has never had an opportunity to bring an action unless the statutory language clearly requires it. Such a construction is not required by use of the word 'wrong'."

Why did the legislature use the word "wrong" rather than the word "injury"? The court can only conjecture that it was because Section 5827 applies to both persons and property. The use of the word injury as applied to claims relating to property would be less appropriate.

The three-year statutory period of limitations during which an action for wrongful death must be brought has been held by the Michigan Supreme Court to begin to run only with the death which resulted from the negligently inflicted injuries. The Court's conclusion was based upon its reasoning that the right of action under the death act could not accrue if death never occurred. The Court said in Coury v. General Motors Corporation, 376 Mich. 248, 137 N.W.2d 134 (1965):

> "We think that it may be said of them that the majority holding is that where the right of action for death is given or created by statute, then the cause of action can only accrue when the death occurs. How could the right of action under the death act accrue at all if death never occurred in consequence of the injury or accrue before the occurrence of death?
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> * * * [W]e think we should hold that the cause of action for a wrongful death and damages resulting therefrom accrues when that death occurs."

The Michigan Court had before it the same section and the same language before this court. If the negligent act or omission was synonymous with "wrong" as defendant urges, it would have been the date of injury in the *Coury* case at which the claim accrued rather than the date of death, which would have been controlling. Yet, the Michigan Supreme Court held that the date of death was controlling; controlling be-

cause until that time there was no right to bring an action for wrongful death.

A similar construction of the statute was reached independently by The Honorable Talbot Smith of this court in Prosch v. Yale, 306 F.Supp. 524 (D.C. 1969). As Judge Smith stated in that case:

"We return to our starting point: the word 'wrong' is the key. In personal injury actions arising out of negligence we have no 'wrong' until plaintiff shows a violation of his right to bodily security. This interpretation is consonant with the purpose of a statute of 'limitations'. Otherwise construed, the statute does not merely limit the bringing of a cause of action that has at one time accrued, which is the purpose of limitations. It simply abolishes the cause of action. Such a construction is completely inconsistent with applicable precedent, it postulates an absurdity, namely, that an event is over before it happens, and, moreover, attributes to our great coordinate branch of government, the legislature, an intent at variance with known benign and humanitarian public acts."

The last phrase of Section 5827 is not made meaningless by this court's construction. It retains its correct intention, which is to bar claims where because of their peculiar circumstances the damages may not occur until sometime after the injury or wrong is inflicted. An atomic blast might be an appropriate example. A plaintiff is exposed to radiation but feels no effect for several years. The wrong was done to him at the time of the blast. He had the right to sue then. This Section would bar his claim three years after he was exposed to the blast.

This construction was given to Section 5827 by the Michigan Court of Appeals in Kennedy v. Local 38, etc., 3 Mich.App. 700, 143 N.W.2d 596 (1966). In that case the plaintiff sought damages for the union's alleged wrongful and negligent failure to protect his rights under the union contract. The plaintiff did not feel the consequence of this wrong, i. e., no pension when he reached 65, until many years after the alleged wrongful act. However, he was injured, as the court pointed out, at the time he took his withdrawal card from the union and he had a right to sue at that time for the negligent breach of duty by the union's agent. As of that time his right to receive a pension was terminated. He had been injured or wronged.

Nor is the construction urged by defendant required by the opinion of the Michigan Court of Appeals in Cree Coaches, Inc. v. Panel Suppliers, Inc., 23 Mich.App. 67, 178 N.W.2d 101 (1970), the only authority cited in defendant's brief. That action arose out of a dispute between two parties to a building contract. The plaintiff in that case asserted a right to have the building constructed in a fit, workman-like and non-negligent manner. He alleged that defendant was negligent in its construction of the building. Both the negligence and the alleged wrong or injury to plaintiff occurred at the time the building was constructed. Plaintiff had the right to sue then. The negligence had caused some injury to him, i. e., a negligently constructed building. In this respect Cree is similar to Kennedy v. Local 38, etc., 3 Mich.App. 700, 143 N.W.2d 596 (1966). In Cree there had been a violation of the plaintiff's rights [1] when defendant negligently constructed the structure involved for the plaintiff. Defendant in the instant case had not violated any right of the plaintiff's decedent until the date he was injured.

As pointed out by The Honorable Victor Baum, Judge of the Circuit Court for the County of Wayne, in an unreported opinion filed in Sky Pacers, Inc.

1. Black's Law Dictionary, 4th Ed., defines "a wrong" as a "violation of the legal rights of another."

**1158**

v. Avco Corporation, et al.; Civil Action No. 97955:

"The limitations provisions of the Judicature Act were not in my opinion intended to change the substantive common law concerning the elements of a claim or the elements of a cause of action. One claiming physical injury to person or property by reason of negligence was at common law required to plead and prove actual harm in order to recover. Harm has always been an essential ingredient of the tort of negligence. (Prosser on Torts, 1941 Edition, 175, 177.)

When Section 5827 states that the claim accrues when the wrong is done, it seems to me that the legislature is saying that the claim arises when the tort is done, as the tort has been defined by judicial decision under the common law.

In the kind of case with which we are here dealing—where the gravamen of the claim is physical injury to or destruction of property as a proximate result of negligence, there is no tort, hence no 'wrong' in the statutory sense, until the property is injured or destroyed. Thus, within the meaning of the statute, the 'wrong' was not done in this case until the plane crashed.

\* \* \* \* \* \*

To rule otherwise would put laymen at the mercy of expert mechanics and technicians in those cases in which the latter's negligence sparks a very long fuse—something which laymen may have no way at all of knowing."

The New Jersey Supreme Court in *Rosenau v. City of New Brunswick*, 51 N.J. 130, 238 A.2d 169 (1968), had an analogous statute of limitations problem before it. The court pointed out in its opinion:

"The plaintiffs here suffered no harm whatever before the meter broke and they could not have instituted any action against Worthington before that time. When the meter did break and their propertyw as damaged, allegedly as the result of Worthington's negligence, they for the first time had 'the right to institute and maintain a suit.' *Fredericks v. [Town of] Dover, supra,* 125 N.J.L. [288] at p. 291, 15 A. 2d [782] at p. 787. *To declare them barred by limitations before they had any cause of action on which they could start legal proceedings would offend common sense and justice. Surely the Legislature never contemplated any such incongruous result.*" (Emphasis added).

The Michigan statute of limitations does not bar plaintiff's negligence claim.

 Nor does it bar as a matter of law his claim for breach of warranty. Section 600.5833 provides:

"In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of warranty is discovered or reasonably should be discovered."

In the court's opinion this means discovered or reasonably should be discovered by the person bringing the action or the person through whom he claims, here plaintiff's decedent. If the breach of warranty were not discovered or reasonably should have been discovered by plaintiff's decedent before March 7, 1967, then the statute of limitations has not barred plaintiff's claim for breach of implied warranties. Defendant, indeed, concedes this in his reply brief when he states, "It is a question for the trier of the facts to determine whether or not the statute of limitations had run with reference to the warranty count."

For the foregoing reasons, it is hereby ordered that defendant's motion for summary judgment be, and hereby is denied.