CREE COACHES, INC., *v.* PANEL SUPPLIERS, INC.

1. CONTRACTS — BUILDING CONTRACT — PUBLIC POLICY — DEFECTS — WAIVER.

Public policy does not require deletion from a building contract of clauses requiring the builder to remedy any defects due to faulty materials or workmanship which appeared within a period of one year from date of completion of the contract and providing that acceptance of final payment should constitute a waiver of all claims by the owner, other than those arising from unsettled liens or from faulty work appearing thereafter.

2. LIMITATION OF ACTIONS — CONTRACTS — BUILDING CONTRACT — WAIVER.

The clear and unambiguous import of the language of building contract clauses are convincing that the parties specifically intended to and did limit the liability of defendant-builder for faulty work appearing within one year from the date of completion of the contract, where the clauses required the builder to remedy any defects due to faulty materials or workmanship which appeared within a period of one year from date of completion of the contract and provided that acceptance of final payment should constitute a waiver of all claims by the owner, other than those arising from unsettled liens or from faulty work appearing thereafter.

3. CONTRACTS—BUILDING CONTRACT—CONTRACT OF ADHESION—ARM'S LENGTH TRANSACTION—PUBLIC POLICY.

Michigan Supreme Court does not regard a building contract as a contract of adhesion from which public policy would grant

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Building and Construction Contracts §§ 2, 8, 55, 58.
[3] 13 Am Jur 2d, Building and Construction Contracts § 2.
17 Am Jur 2d, Contracts §§ 179, 180.

relief where nothing appears in the record that the parties to the contract were not dealing at arm's length, or that one enjoyed overwhelming superior bargaining position.

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and R. B. Burns and Bronson, JJ., affirming in part and reversing in part Cass, David Anderson, Jr., J. Submitted February 4, 1971. (No. 23 January Term 1971, Docket No. 52,809.) Decided May 3, 1971.

23 Mich App 67 affirmed.

Complaint by Cree Coaches, Inc., a division of Sterling Salem Corporation, against Panel Suppliers, Inc., to recover damages for negligence and breach of express and implied warranties in the construction of a building. Summary judgment for defendant. Defendant's motion for accelerated judgment denied. Plaintiff appealed. Defendant cross-appealed. Reversed as to negligent count. Affirmed as to counts of express and implied warranties. Plaintiff appeals. Affirmed.

*Warner, Norcross & Judd* (by *Wallson G. Knack* and *John H. Logie*), for plaintiff.

*Wise, Early, Starbuck & Lennon* (by *John T. Peters, Jr.*) and *Dresser & Dresser* (by *John T. Svendsen*), for defendant.

*Amicus Curiae:* UAW (by *Stephen Schlossberg*).

T. G. KAVANAGH, J. In November of 1960 the defendant Panel Suppliers, Inc., completed construction of a building for the plaintiff Cree Coaches, Inc. One month later, the plaintiff made final pay-

ment for the structure under the contract between the parties which included the following clauses:

*"Article 9*

"The Contractor shall re-execute any work that fails to conform to the requirements of the contract and that appears during the progress of the work, and shall remedy any defects due to faulty materials or workmanship which appear within a period of one year from the date of completion of the contract.

*"Article 12*

"The making and acceptance of the final payment shall constitute a waiver of all claims by the Owner, other than those arising from unsettled liens or from faulty work appearing thereafter, as provided for in Article 9, and of all claims by the Contractor except any previously made and still unsettled."

Over six years later, in January 1967, the building collapsed from the weight of snow.

In December of 1967, the plaintiff sued the defendant on four counts. Count 1 alleged negligence in the workmanship and design of the building. Counts 2 and 3 alleged breach of the contract's express and implied warranties. Count 4 alleged that the defendant should be held accountable for the damages on a theory of strict liability.

In answer the defendant filed two motions: The first was a motion for *accelerated judgment* on account of the running of the three year statute of limitation as to the first count and the six year statute of limitation as to counts 2 and 3. The second motion was for *summary judgment* based on the disclaimer of liability on all counts contained in clauses 9 and 12, *supra.*

The trial judge denied the first motion and granted the second.

Whatever the effect of such rulings, both parties appealed.

The Court of Appeals affirmed the grant of the second motion (summary judgment) and reversed the denial of the first motion (accelerated judgment) as to count 1 only, and affirmed the denial of the first motion as to counts 2 and 3, "costs to abide the final outcome".

Whatever was intended by this ruling, the net effect was that the plaintiff remained out of court by virtue of the affirmance of the summary judgment.

We address ourselves to the Court of Appeals ruling on the propriety of the summary judgment first, for if the summary judgment was in order it would be dispositive of the whole controversy and there would be no need to pass on the motion for accelerated judgment.

The thrust of plaintiff's argument on the motion for summary judgment is that public policy requires the deletion of clauses 9 and 12 from the contract. We are cited to no pertinent authority for so holding and no reason appears to us to do so.

The clear and unambiguous import of the language of clauses 9 and 12 convinces us, as it did the trial court and the Court of Appeals, that the parties specifically intended to and did limit the liability of defendant for faulty work appearing within one year from the date of completion of the contract.

Since nothing appears in the record that these parties were not dealing at arm's length, or that one enjoyed overwhelmingly superior bargaining position, we do not regard this as a contract of adhesion from which public policy would grant relief.

The Court of Appeals and the trial court are affirmed in respect to the ruling on the motion for

summary judgment, and the suit accordingly is dismissed.

The ruling on the motion for summary judgment disposes of the whole controversy. For this reason the treatment of the accelerated judgment issue by the Court of Appeals should be regarded as obiter dicta and not accorded the force of an adjudication.

Affirmed. The appellee may tax costs.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.