CARTMELL v THE SLAVIK COMPANY

Opinion of the Court

1. Contracts—Breach of Warranty—Discovery of Breach—Accrual of Claim—Limitation of Actions—Statutes.

A claim for breach of warranty accrues when the breach is discovered or reasonably should have been discovered, and the statute of limitations begins to run at that time (MCLA 600.5833; MSA 27A.5833).

2. Products Liability—Contracts—Breach of Warranty—Discovery of Breach—Question of Fact.

The time at which a breach of warranty is discovered or should reasonably have been discovered is a question for the trier of fact; therefore, the issue of when a plaintiff discovered or should have discovered that leaks in his roof were caused by faulty roof tiles or faulty installation was properly submitted to the jury.

3. Contracts—Breach of Warranty—Discovery of Breach—Question of Fact.

A question of fact arises where there is an issue concerning reasonable diligence in discovering a breach of warranty unless reasonable minds could not differ on the conclusion.

Dissent by N. J. Kaufman, J.

4. Products Liability—Contracts—Breach of Warranty—Discovery of Breach—Accrual of Claim—Limitation of Actions.

*Questions regarding reasonableness of notice and the time at which the cause of action accrued, in a breach of warranty case, generally represent conflicts to be decided by the trier of fact; however, no conflict is presented where it is clear that a plaintiff knew of leaks in a new roof and should reasonably have ascertained that the cause was faulty installation, and the statute of limitations should have begun to run from that time*

References for Points in Headnotes

[1-4] 17 Am Jur 2d, Contracts § 403.
[5] 51 Am Jur 2d, Limitation of Actions § 80 *et seq.*

*rather than at a later date when the plaintiff was specifically advised that the roof installation was faulty.*

5. LIMITATION OF ACTIONS—STATUTES—PURPOSE.

*Statutes of limitations are intended to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend, to relieve a court system from dealing with stale claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured, and to protect potential defendants from protracted fear of litigation.*

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted December 10, 1975, at Lansing. (Docket No. 23878.) Decided March 24, 1976. Leave to appeal denied, 397 Mich 828.

Complaint in district court by Bernard C. Cartmell and Lois E. Cartmell against the Slavik Company for damages for breach of an express warranty in the sale of real estate. Judgment for plaintiffs. Defendant appealed to the circuit court, which affirmed. Defendant appeals by leave granted. Affirmed.

*Erwin A. Salisbury,* for plaintiffs.

*Hyman & Rice* (by *Jefferson F. Riddell*), for defendant.

Before: MCGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

T. M. BURNS, J. This appeal concerns the accrual of a cause of action for breach of warranty.

Plaintiffs Bernard and Lois Cartmell brought this action to recover for breach of an express warranty. In 1958, plaintiffs purchased a new home from defendant. The home contained a tile roof for which the following lifetime express warranty was provided by defendant:

"The tile is warranted to be free from all defects in manufacture, and the roof is warranted against leaks due to failure of tile or its installation for the life of the building; losses resulting from acts of God or violence are excluded from this warranty."

In 1960, plaintiffs observed damage to their ceiling, apparently caused by leaks in the roof, and unsuccessfully attempted to repair the roof. In 1969, plaintiffs informed defendant of the leakage and asked that the roof be repaired. Plaintiffs received no response.

In 1974, after being advised that their roof was improperly installed, plaintiffs initiated this action against defendant for breach of warranty.

At the commencement of the trial in district court, defendant moved for summary judgment alleging that the six-year statute of limitations had run. This motion was denied. Plaintiff admitted at trial that the roof had leaked since 1960. Relying upon this, defendant moved for a directed verdict, urging that the statute of limitations had begun to run in 1960. The district court judge denied this motion, concluding that the question concerning when the plaintiffs discovered or should have discovered the breach of warranty was a factual one for the jury to decide. Having this issue submitted to it, the jury returned a verdict for the plaintiffs.

Defendant appealed the district court judge's denial of its motion for a directed verdict to the circuit court. The circuit court affirmed the trial court's judgment. Defendant sought leave to appeal, which we granted.

The technical issue before us is whether the circuit court erred in affirming the trial court's denial of defendant's motion for a directed verdict. The crux of the matter is whether the date upon

which a cause of action for breach of express warranty accrues is a question of law for the court to determine or one of fact for the trier of fact.

The statute of limitations begins to run when plaintiff's action accrues. A claim for breach of warranty accrues when the breach is discovered or reasonably should have been discovered. MCLA 600.5833; MSA 27A.5833.

Defendant contends that plaintiffs discovered the breach in 1960, that the cause of action accrued then, that the six years had thus run by the time this suit was commenced, and that the trial court should have directed a verdict in its favor. Plaintiff argues that the discovery of leaks in 1960 is not tantamount to discovery that the roof was improperly installed and that the latter discovery was not made until 1974.

Plaintiffs argued, and the district and circuit courts agreed, that the question of when the breach was discovered or should have been discovered, was a question of fact for the jury to decide. Both of the lower courts relied for their decisions upon our opinion in *Weeks v Slavik Builders, Inc,* 24 Mich App 621; 180 NW2d 503 (1970), *aff'd,* 384 Mich 257; 181 NW2d 271 (1970).

The *Weeks* case was very similar to the one at bar, but any reliance upon it as controlling in the instant case is unwarranted. In *Weeks,* defendant made attempts to fix the roof but failed to stop the leakage. We held that the statute of limitations was tolled by defendant's efforts to repair and for a time thereafter until plaintiffs had a reasonable opportunity to determine that the repairs were not sufficient. In the instant case there were no such attempts to repair which would stop the running of the statute.

Despite the factual differences between this case

and *Weeks,* we find no reason to reverse the decisions of the courts below. Reviewing the facts of this case, there is no basis for concluding absolutely that the cause of action accrued in 1960. Plaintiffs testified that they were aware of leaks in 1960. But for there to have been sufficient knowledge for the cause of action to accrue the plaintiffs would have had to have known or should have known that there were leaks that were caused by a failure of the tile or its installation. Knowing that there are leaks and knowing that there are leaks caused by faulty material or workmanship in the roof are two different things.[1] Plaintiffs may have *suspected* that the leaks were the fault of the defendant, but they did not *know* this until 1974. Of course, whether plaintiffs *should* have known of the breach earlier is another question. At what time the breach "reasonably should have been discovered"[2] is properly a question to be decided by the trier of fact. In *Cree Coaches, Inc v Panel Suppliers, Inc,* 23 Mich App 67; 178 NW2d 101 (1970), we held that the time at which a breach of warranty is discovered or should reasonably have been discovered is a question for the trier of fact. In affirming that decision in part, however, our Supreme Court decided that the above holding was obiter dicta and should not be regarded as an authoritative adjudication of that issue. *Cree Coaches, Inc v Panel Suppliers, Inc,* 384 Mich 646; 186 NW2d 335 (1971).

Searching elsewhere for authority, we find that MCLA 600.5833; MSA 27A.5833 has been interpreted by a Federal court as it was by this Court

---

[1] *Cf. Cunningham v Frontier Lumber Co,* 245 SW 270 (Tex Civ App, 1922).

The warranty in the case at bar is not against leaks; it is against "leaks due to failure of tile or its installation".

[2] MCLA 600.5833; MSA 27A.5833.

in *Cree Coaches, supra, i.e.,* that a factual question exists regarding when a plaintiff discovered or should have discovered a breach of warranty. *Crocker v McCabe-Powers Auto Body Co,* 321 F Supp 1154 (ED Mich 1970).[3]

While not relying on *Cree Coaches* or *Crocker,* we think that such interpretation of the statute is correct. Where there is an issue concerning reasonable diligence in discovering a breach of warranty, a question of fact arises unless reasonable minds could not differ on the conclusion. In the instant case, we cannot say that the trial court erred in submitting the question to the jury.

Affirmed.

McGREGOR, P. J. concurred.

N. J. KAUFMAN, J. *(dissenting).* In general, questions regarding reasonableness of notice, *Mutual Electric & Machine Co v Turner Engineering Co,* 230 Mich 63; 202 NW 964 (1925), and time which the cause of action accrued, *Flynn v McLouth Steel Corp,* 55 Mich App 669; 223 NW2d 297 (1974), represent conflicts to be decided by the trier of fact. However, in a few cases, no conflict is presented. I find that this is such a case.

My review of the record convinces me that reasonable minds could not differ as to whether plaintiffs knew or should have known of their cause of action against defendant at a time which would bar their action. Plaintiffs knew that their roof leaked in 1960. This knowledge is clearly manifested by their own attempt to fix the roof. The majority asserts that:

"Knowing that there are leaks and knowing that

---

[3] *Cf. Hoeflich v William S. Merrell Co,* 288 F Supp 659 (ED Pa, 1968).

there are leaks caused by faulty material or workmanship in the roof are two different things." (Footnote omitted.)

On these facts this assertion is a distinction without a difference. Plaintiffs' house was new. What other than faulty material or installation could cause a new roof to leak? In attempting to fix the roof, plaintiffs should reasonably have ascertained the cause. Plaintiffs' testimony indicates that in 1960 they blamed defendant for the leaks. Plaintiff Bernard Cartmell testified that he viewed the leaky roof as a minor annoyance found in most new homes. I find this excuse incredible.

According to plaintiff the leakage could have resulted from many things such as a misplaced tile or a loose seam. Yet it would appear that a misplaced tile or a loose seam would fall within the broad warranty in this case since it reasonably can be said to have resulted from defective installation of the roof. Furthermore, it would appear that a reasonable person would have, at some point in time prior to March 1, 1968, six years prior to the institution of suit, determined that since the leaks had not subsided despite efforts to correct the problem that something was inherently wrong with the roof and would have at least had the roof checked by an expert.

The crux of the majority's reasoning is that:

"Plaintiffs may have *suspected* that the leaks were the fault of the defendant, but they did not *know* this until 1974." (Emphasis in original.)

Actual knowledge is not required. I perceive little difference between an admission that plaintiffs had reason to suspect that the leaks were defendant's fault and a finding that they should have known of

their cause of action. Plaintiffs knew the roof leaked. From personal observation, they should have known why it leaked. They were on constructive notice of the contractual warranty provisions. The majority's affirmance of the trial court and circuit court represents a holding that a law suit based on breach of express warranty need not be instituted until the plaintiffs have been specifically advised of their cause of action. This is not the law.

Allowing recovery in the instant case violates the policies behind the statute of limitations. Statute of limitations provisions are intended:

"to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation'." *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974), quoting from 51 Am Jur 2d, Limitation of Actions, § 17, pp 602–603. (Footnote omitted.)

The lapse of time has materially altered defendant's position. Defendant's ability to prove knowledge of the defect is impaired. The cost to defendant of repairing the roof has multiplied over time.

This case also bears on one of the subtle policies behind motions for summary judgment and directed verdict. While we place great importance on the jury system, we do so with a realization of its weaknesses. We know that juries will be inimical to certain types of defendants and favorable to certain types of plaintiffs. This is why we do not allow the presence of an insurance company as a subrogee party to be placed before the jury. Juries will be more favorably disposed toward their peers

who are alleging damage caused by a corporate defendant than they will be toward the defendant.

Motions for summary judgment and directed verdict interpose a judge between scant evidence and jury prejudice. Given the prejudice possible in cases such as this, courts must take great care in deciding what questions present a sufficient conflict to be submitted to the jury. I believe that such care was not taken here. This dispute should not have been submitted to a jury.

I would reverse the trial and circuit court decisions and order judgment entered for defendant.