# STATE OF MICHIGAN

# COURT OF APPEALS

SPRING HARBOR CLUB CONDOMINIUM
ASSOCIATION, DON L. KESKEY, the ESTATE
OF PETER DONLIN, and BRUCE TRAVERSE
d/b/a KESTRADON ENTERPRISES,

Plaintiffs-Appellants,

v

GREG WRIGHT d/b/a WRIGHT ENTERPRISE
INC a/k/a BUILT WRIGHT CONSTRUCTION
a/k/a BUILT WRIGHT CONTRACTORS a/k/a
BUILT WRIGHT CORP, H. JACK BEGROW PC,
HAROLD JACK BEGROW, and UNKNOWN
SUBCONTRACTORS,

Defendants-Appellees.

UNPUBLISHED
June 23, 2015

No. 321507
Charlevoix Circuit Court
LC No. 13-061924-CK

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's grant of summary disposition in favor of defendants on the grounds that plaintiffs' claims are time-barred. Plaintiffs are, in broad strokes, the owners of certain condominiums designed or constructed by defendants between 1991 and 1994. In 2013, plaintiffs discovered significant problems with the structure, and upon further inspection they determined that the problems were due to defective construction or construction management. Furthermore, plaintiffs contend that the defective workmanship was totally undiscoverable in the interim. Defendants successfully argued that plaintiffs' claims are time-barred by applicable statutes of limitation, statutes of repose, or a limitations period specified in the parties' contracts. The issue before this Court is not the substantive merits of plaintiffs' claims, but rather solely whether those claims are indeed time-barred. We affirm in part, reverse in part, and remand.

## I. INTRODUCTION

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR

-1-

2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the non-moving party. *Id*. at 119. Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8). *Id*. at 119-120. Under MCR 2.116(C)(7), where the claim is allegedly barred, the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party. *Id*. at 119. For the purposes of the instant appeal, we presume the truth of the assertions in plaintiffs' complaint.

Plaintiffs' Second Amended Complaint alleges one count each of breach of contract against defendant Greg Wright and defendant Jack Begrow, and counts of malpractice, breach of implied warranties, gross negligence, and negligence against both. Plaintiffs allege that they retained Wright and his associated business entities (collectively "Wright"), a licensed residential contractor, as general contractor to build the condominium project, and they retained Begrow, a licensed architect, to design the project and supervise its construction. "Greg Wright and Jack Begrow ignored critical design specifications, industry standards and applicable building codes during the construction of Spring Harbor Club thereby creating defective and unsafe conditions." This alleged malfeasance caused considerable damage that was not discovered until 2013 because of the hidden nature of the defects. Plaintiffs have promptly performed remediation at their expense but believe more damage remains to be discovered. For convenience, we will address the individual counts asserted by plaintiffs in sequence.

## II.(A)  BREACH OF CONTRACT

Plaintiffs assert that their breach of contract claims are not subject to any limitations period because they articulate indemnity claims, or because they contend they should be granted leave to amend their complaint to articulate indemnity claims. Our Supreme Court has explained that the contractor's statute of repose, MCL 600.5839, only applies to tort claims, so a contractual claim against a contractor would instead be subject to the general 6-year limitations period for contract claims set forth in MCL 600.5807(8). See *Miller-Davis Co v Ahrens Constr Inc* (*Miller-Davis II*), 495 Mich 161, 169-170; 848 NW2d 95 (2014). Our Supreme Court further explained that in a claim for indemnification, a party breaches an indemnity clause in a contract when the party refuses a demand to indemnify, which is *independent of* the date when the party allegedly breached any other obligations it might have had under the contract. *Id*. at 180-182. Importantly, *Miller-Davis II* relied on the fact that the parties in that case had a broad and unambiguous indemnity clause in their contract. *Miller-Davis II*, 495 Mich at 174-175. Plaintiffs are correct in stating that *if* they could arguably show that defendants breached an indemnity clause in their contract, they should indeed have an opportunity to prove it.

However, the indemnification clauses in the parties' contracts are not as inclusive as the one at issue in *Miller-Davis II*. The indemnification clause in the contract with Wright states:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible

property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.

Parsing the above provision, the first requirement for an indemnification claim explicitly excludes claims arising from Wright's performance to the extent any such claim arises out of harm to the work performed itself. Reading plaintiffs' complaint as a whole, the entirety of plaintiffs' action is based on damage to the condominium structure and other construction work allegedly performed by Wright. The indemnity clause in *Miller-Davis II* contained no such exclusion. Furthermore, plaintiffs have not articulated any document purporting to be a contractual indemnity provision between themselves and defendant Begrow. We are not persuaded that it is possible for plaintiffs to articulate an indemnity claim.

## II.(B) MALPRACTICE

Plaintiffs correctly state that, unlike many of the other claims at issue, a claim for malpractice enjoys a "discovery rule" that tolls the applicable limitations period to a certain extent. Other than medical or legal malpractice claims, the general rule is that a claim for malpractice "accrues" when a licensed professional discontinues professionally serving a plaintiff, MCL 600.5838(1), but, with exceptions not relevant here, an action may be commenced "within 6 months after the plaintiff discovers or should have discovered the existence of the claim." MCL 600.5838(2). Actions against architects or contractors for damages to property "arising out of the defective or unsafe condition of an improvement to real property" are, however, subject to a statute of repose, establishing a maximum limit of ten years after the improvement is occupied or accepted. MCL 600.5839(1)(b). A superficial reading of the latter statute leads to the conclusion that plaintiffs' claims expired in 2004 at the latest.

Plaintiffs argue that our Supreme Court has held that MCL 600.5839 "does not apply to claims against contractors and design professionals for damage to the improvement itself." This is technically accurate, but it is incomplete. Our Supreme Court in fact held that MCL 600.5839 applies to tort actions and not to breach of contract actions. *Miller-Davis Co v Ahrens Constr Inc* (*Miller-Davis I*), 489 Mich 355, 370; 802 NW2d 33 (2011). Malpractice does not neatly fit the definition of either a tort or a contract. However, although our Supreme Court did not explicitly articulate whether MCL 600.5839 applies to malpractice actions, our Supreme Court did cite to and quote from, with approval, this Court's decision in *City of Marysville v Pate, Hirn & Bogue Inc*, 154 Mich App 655, 660; 397 NW2d 859 (1986), superseded by statute on other grounds as stated in *Ostroth v Warren Regency GP, LLC*, 263 Mich App 1; 687 NW2d 309 (2004). In pertinent part, the quoted provision opined that MCL 600.5839 did not apply to "claims for deficiencies in the improvement itself," which, critically, included professional malpractice claims. *Miller-Davis I*, 489 Mich at 369-370.

Consequently, by necessary implication, the trial court erred to the extent it held that MCL 600.5839 applied to plaintiffs' malpractice claims, and to the extent it granted summary disposition in favor of defendants on those claims pursuant to an assertion that they are time-barred pursuant to any statute of limitations or repose.

II.(C)  BREACH OF WARRANTY

Plaintiffs captioned Count IV as "breach of implied warranties," but looking beyond the applied label, they actually articulated both express and implied warranty claims.  "In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."  MCL 600.5833.  To the extent any such claim is based on the express provisions of a contract, MCL 600.5839 is inapplicable as we have described.  However, defendants correctly point out that if a contract provides for a shortened limitations period, that shortened period must be enforced, no matter how unreasonable it might be, unless it is actually illegal, contrary to public policy, or subject to some other contractual defense.  *Rory v Continental Ins Co*, 473 Mich 457, 465-490; 703 NW2d 23 (2005).

In relevant part, the contract with Wright provides as follows:

The making of final payment shall constitute a waiver of all claims by the Owner except those arising from:

1.  Unsettled liens;

2.  Faulty or defective Work appearing after Substantial Completion;

3.  Failure of the Work to comply with the requirements of the Contract Documents, or;

4.  Terms of any special warranties required by the Contract Documents.

* * *

The Contractor warrants to the Owner and the Architect that all materials and equipment furnished under this Contract will be new unless otherwise specified, and that all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents.  All Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective.  If required by the Architect, the Contractor shall furnish satisfactory evidence as to the kind and quality of materials and equipment.

* * *

The Contractor shall correct any Work that fails to conform to the requirements of the Contract Documents where such failure to conform appears during the progress of the Work, and shall remedy any defects due to faulty materials, equipment or workmanship which appear within a period of eighteen (18) months from the date of the Final Certificate of Occupancy or within such longer period of time as may be prescribed by law or by the terms of any applicable special guarantee required by the Contract Documents.

This is not, contrary to defendants' assertions, an unambiguous limitation on the warranty itself, but rather a limitation on the period within which the Contractor is required to make corrections, and even that limitation is subject to "any applicable special guarantee required" elsewhere in the contract. In contrast, the case upon which defendants rely involved no "warranty" at all, but rather *only* a provision requiring the contractor to correct defective work that may appear within a particular time period. See *Cree Coaches Inc v Panel Suppliers Inc*, 384 Mich 646, 648; 186 NW2d 335 (1971).

The contract is not as clear as might be hoped, but it sufficiently clearly draws a distinction between a warranty that contains no limitations, and an obligation to correct defective work, which does have limitations. The latter 18-month limitation, however, is itself subject to extension pursuant to any other guarantees made in the contract. Furthermore, the "waiver" contemplated by the making of final payment explicitly does not cover anything covered by a contractual warranty or later-appearing defective work. In short, the contract appears not to impose an expiration date on the warranty contained therein. Furthermore, the plain language of the warranty provision shows that it is a warranty of quality or fitness, and consequently it is subject to MCL 600.5833. The trial court should not have granted summary disposition as to plaintiffs' express warranty claims against Wright.

The contract with Begrow, in contrast, explicitly states: "[t]he Architect will not have control or charge of and will not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, and he will not be responsible for the Contractor's failure to carry out the Work in accordance with the Contract Documents." The only provision seemingly constituting a warranty applies to the Contractor only, and is similar to the warranty provision described above, subject to essentially the same partial waiver upon final payment as described above. Plaintiffs have not pointed to any other contractual provision appearing to constitute an express warranty made by defendant Begrow.

As to plaintiffs' implied warranty claims, an "implied warranty of habitability" attaches to the sale of new homes sold by a builder-vendor, but *not* to the construction of a home by a contractor engaged to build a new home on land already owned by the purchaser, as is the situation in the instant matter. *Smith v Foerster-Bolser Constr Inc*, 269 Mich App 424, 430-431; 711 NW2d 421 (2006). Plaintiffs argue that an implied warranty of habitability is not the same as an implied warranty of quality or fitness. However, *Smith*, and the case upon which *Smith* relied in significant part, *Weeks v Slavick Builders Inc*, 24 Mich App 621; 180 NW2d 503 (1970), treated the concepts as synonymous in the context of the sale of a home. This is logical and reasonable, because the "fitness" and "quality" of a *home* would naturally depend on its "habitability." We therefore find no support in the case law for the distinction plaintiffs attempt to draw, so we are unable to find an implied warranty here.

## II.(D)  GROSS NEGLIGENCE AND NEGLIGENCE

Plaintiffs do not mount any argument in opposition to the trial court's grant of summary disposition in favor of defendants as to Counts V and VI, asserting gross negligence and negligence, respectively. Issues not briefed are considered abandoned. *Etefia v Credit Technologies Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001). In any event, as discussed

above, MCL 600.5839 unambiguously *does* apply to tort actions. The period of repose having long since expired, summary disposition was proper as to these counts.

## III. CONCLUSION

The trial court improperly granted summary disposition in favor of defendants as to plaintiffs' malpractice claims and as to plaintiffs' breach of express warranty claim against Wright. The trial court's grant of summary disposition is reversed as to those claims. The remaining claims were properly dismissed, rendering plaintiffs' other arguments on appeal moot. In all other respects we affirm, and we remand for further proceedings. No costs, no party having prevailed in full. We do not retain jurisdiction.


/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto