KROLL v. VANDEN BERG.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MALPRACTICE—LIMITATION OF ACTIONS.

  Determination of whether or not weight of the evidence was that part of a broken surgical needle was left in abdominal cavity of plaintiff during 1944 operation, performed by defendant, or 1933 operation, performed by a different surgeon, is not necessary in action brought more than 2 years after plaintiff discovered that such needle had been left in her body, since her action for malpractice was not timely brought (CL 1948, § 609.13[3]).

2. LIMITATION OF ACTIONS—MALPRACTICE—KNOWLEDGE OF EXISTENCE OF ACTION—DETAILS OF EVIDENCE.

  The statute of limitations commences to run against a cause of of action for malpractice of the existence of which the plaintiff had knowledge, notwithstanding the plaintiff may not know the details of the evidence by which to establish his cause of action (CL 1948, § 609.13[3]).

3. SAME—MALPRACTICE—FRAUDULENT CONCEALMENT—EVIDENCE.

  Plaintiff was barred from recovering in malpractice action against defendant surgeon by reason of failure to bring action within 2 years from date she was informed part of broken surgical

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur, Physicians and Surgeons § 123.
[1–3] When statute of limitations commences to run against actions against physicians, surgeons, or dentists for malpractice. 74 ALR 1317.

needle had been left in her body after 1944 operation, even where there was evidence from which a jury could find defendant failed to inform plaintiff that needle had been left there during performance of a previous operation by a different surgeon permitting inference that defendant had fraudulently concealed from plaintiff her cause of action (CL 1948, § 609.-20).

Appeal from Kent; Brown (William B.), J. Submitted January 9, 1953. (Docket No. 66, Calendar No. 45,713.) Decided April 13, 1953.

Case by Dorothy Kroll against Henry J. Vanden Berg to recover damages for alleged malpractice. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Scarl, White & Block,* for plaintiff.

*Fred Roland Allaben (Moll, Desenberg & Purdy,* of counsel), for defendant.

REID, J. Plaintiff brought this suit to recover damages suffered by reason of claimed malpractice by defendant. From a verdict directed for defendant by the court, under the statute of limitations, plaintiff appeals. The malpractice alleged was the leaving of a part of a broken surgical needle in the abdominal cavity of plaintiff during and following an operation of supracervical hysterectomy.

Plaintiff, a single woman aged 44, brought suit on December 6, 1951, against defendant, a practising physician and surgeon of Grand Rapids. In 1933, plaintiff had had a tumor removed from the wall of the uterus by Dr. Closz of Muskegon. She also had had a thyroidectomy the same year by Dr. Closz. She had a normal convalescence, and her health was good from that time, she claims, until 1942. In 1942 she consulted defendant for a physical examination and

to see whether the tumor had regrown. He examined her periodically until the operation in question on May 31, 1944.

It is claimed by the plaintiff that the inch-long portion of the needle in question was left in her abdominal cavity at the operation of May 31, 1944. There is testimony from which the jury could have so found. It is not necessary for us to determine whether the weight of evidence is in favor of the proposition that the needle was left there in an operation by another surgeon 11 years previously for removal of fibrous tumor from the same location.

Following the operation on May 31, 1944, plaintiff called at defendant's office 2 or 3 times and seems to have practically fully recovered. In any event, she did not see fit to call at defendant's office after 1944 until April, 1948. There is nothing in the record to show that defendant suspected that a needle had been left in her body at the time of the operation on May 31, 1944, until after an X-ray had been taken by Dr. Truog, witness for plaintiff, November 30, 1949, and the X-ray taken by Dr. Truog on that date, exhibit No 5, shows the needle lying at the level of the fourth lumbar interspace.

Dr. Alfenito was consulted by plaintiff, November 30, 1949, as a patient. He suggested the taking of X-rays and the X-ray was taken by Dr. Truog on the same day, November 30, 1949. The report of Dr. Truog to Dr. Alfenito is exhibit No 12 in the testimony. On direct examination, Dr. Alfenito, plaintiff's witness, testified:

"*Q.* Now, Doctor, I note at the top it says, 'November 6, 1949,' that obviously is an error?

"*A.* It's probably December 6th, because the X-ray wasn't taken until the 30th of November.

"*Q.* And this is a report you gave Miss Kroll at that time?

"*A.* That's right. My girl typed it out for her and evidently put the wrong month on it, because the original X-rays were taken November 30, 1949.

"*Mr. Allaben* [attorney for defendant]: Do you know whether your girl may have made a mistake on December 6th also? Do you have a record?

"*The Witness:* No, I don't have a record, because I never examined her. I know the date I originally saw her—November 30th—and usually a 48-hour interim is in there before I received the X-ray report, so I must have seen her 2 days later than that, which would be December 2.

"*Mr. Allaben:* It might be a mistake on this exhibit 12, as to the day as well as the month?

"*The Witness:* No, because I think the day is quite right on that."

Further, on cross-examination by Mr. Allaben, Dr. Alfenito testified:

"*Q.* And at that time you had Doctor Truog's report on the X-ray?

"*A.* That's right.

"*Q.* And as it is stated, you read the report to her and advised her about it?

"*A.* Yes, sir.

"*Q.* And then you advised her that she should have other medical advice?

"*A.* That's right.

"*Q.* And whom did you refer her to?

"*A.* Doctor J. D. Miller.

"*Q.* And then you saw her again at a later date, December 6th possibly, you mentioned from this report that's just been read?

"*A.* To the best of my recollection, she came up and wanted a copy of the X-ray report. * * *

"*Q.* But you had gone over the whole thing with her on December 2d?

"*A.* That's right.

"*Q.* When you said, 'It was out of your field completely,' what were you referring to?

"*A.* If a surgical operation was necessary, why, I don't do that sort of work.

"*Q.* Well, what surgical operation would be necessary for a case of that type?

"*A.* Well, if the surgeon felt it was giving her symptoms, that he might advise removal of it, and that's the way of the situation right there (indicating).

"*Q.* Removal of what?

"*A.* Of the foreign body—the needle."

Upon the subject of when she first knew about the needle being left in her body, plaintiff testified as follows:

"*Q.* When did you first find out about this needle in your spine or the needle as is evidenced here?

"*A.* In Doctor Alfenito's office.

"*Q.* I note from the report that it's dated November 6th. Witness did you have that in November 6th?

"*A.* No, sir.

"*Q.* Do you remember approximately when you did get the report, exhibit No 12?

"*A.* I believe—I'm quite positive it was December 9th. I know it was on a Friday."

There is nothing in such testimony of plaintiff to contradict the testimony of her witness, Dr. Alfenito, that he told plaintiff about the needle being in her body according to the X-ray taken by Dr. Truog and that the time he told her this was December 2, 1949. The instant suit was not begun within 2 years after the time that the plaintiff first was informed of the fact of the needle being left in her body.

Plaintiff had been informed of the presence of the broken needle on December 2, 1949, and it is not of controlling importance that she claims in her testimony that she did not receive the written and more detailed information, exhibit No 12, until December 9th. Her suit was begun December 6, 1951.

In *Weast* v. *Duffie,* 272 Mich 534, at page 539, we quote with approval from 37 CJ, p 976, as follows:

"It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim."

The general statute of limitations concerning actions for malpractice against physicians, CL 1948 § 609.13(3) (Stat Ann 1947 Cum Supp § 27.605 [3]), in part is as follows:

"Actions * * * for malpractice of physicians, surgeons or dentists * * * shall be brought within 2 years from the time the cause for action accrues, and not afterwards."

There is further this statute to be considered, CL 1948, § 609.20 (Stat Ann § 27.612):

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

If the case had been submitted to the jury and the jury had found that the broken needle was not left in the wound by Dr. Closz, at the previous operation, but was actually left there during the operation by defendant, then the jury would be at liberty to find that the defendant Dr. Vanden Berg knew of the fact that the needle was left in plaintiff's abdomen, of which fact defendant did not inform plaintiff though in the confidential relationship of surgeon and pa-

tient. His withholding of such knowledge could be considered to bring the case under CL 1948, § 609.20, as fraudulently concealing from the plaintiff her cause of action. Notwithstanding such determination, if the jury had arrived at such determination, plaintiff's cause of action is still barred by CL 1948, § 609.20, because plaintiff did not bring action within 2 years after she first was informed in a verbal conversation between herself and Dr. Alfenito of the existence of the needle, on December 2, 1949.

Judgment appealed from is affirmed. Costs to defendant.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.