ESCHENBACHER v. HIER.

1. PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT RELATION — FRAUDULENT CONCEALMENT.

The relation of physician and patient of itself begets confidence and reliance on the part of the patient so that where fraudulent concealment by the physician is charged, the relationship of the parties must be critically examined, a higher standard being applied than where fraudulent concealment of a cause of action is alleged between parties dealing at arm's length (CLS 1956, §§ 609.13, 609.20).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Physicians and Surgeons § 74.
[2, 3] 34 Am Jur, Limitation of Actions §§ 231–234.
[4] 23 Am Jur, Fraud and Deceit § 76 et seq.
[5] 34 Am Jur, Limitation of Actions § 10.
[6] 41 Am Jur, Physicians and Surgeons §§ 122, 123.

2. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—PHYSICIAN AND PATIENT.

   Claim that defendant physician, who had examined plaintiff following automobile accident, diagnosed his injuries as lacerations of the forehead and contusions of the chest and assured plaintiff on 2 successive days that his headaches would subside in due time, had fraudulently concealed from plaintiff a cause of action for skull fracture thereby tolling the 2-year statute of limitations, *held*, not substantiated, since there was no employment of artifice, planned to prevent inquiry or escape investigation, and to mislead or hinder acquisition of information disclosing a right of action (CLS 1956, §§ 609.13, 609.20).

3. SAME—FRAUDULENT CONCEALMENT.

   The fraudulent concealment which will postpone the operation of the statute of limitations must be the concealment of the fact that plaintiff has a cause of action, for if plaintiff knows he has a cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know that which he ought to know by the exercise of ordinary diligence (CLS 1956, § 609.20).

4. PHYSICIANS AND SURGEONS—MALPRACTICE—FRAUDULENT CONCEALMENT—PLEADING—OPENING STATEMENT.

   Allegations and opening statement in action for malpractice against physician, who had treated plaintiff following automobile accident, for failure to discover and disclose to plaintiff that he had a skull fracture *held*, insufficient to charge defendant with fraudulent concealment of a cause of action, especially where it appears plaintiff was directed by defendant to go to his family physician for further attention (CLS 1956, §§ 609.13, 609.20).

5. LIMITATION OF ACTIONS—PURPOSE OF STATUTE.

   The purpose of the statute of limitations is to afford protection against stale claims.

6. PHYSICIANS AND SURGEONS—MALPRACTICE—LIMITATION OF ACTIONS—LAST TREATMENT.

   Patient who filed his cause of action for malpractice some 25 months after last treatment by defendant physician *held*, barred by 2-year statute of limitations notwithstanding action was filed only 23 months following plaintiff's discovery of the alleged cause of action (CLS 1956, § 609.13).

Appeal from Alpena; Glennie (Philip J.), J. Submitted April 14, 1961. (Docket No. 30, Calendar No. 48,555.) Decided September 21, 1961.

Case by Walter Eschenbacher against E. A. Hier for malpractice. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Peter F. Cicinelli (Eugene D. Mossner and Duane S. van Benschoten,* of counsel), for plaintiff.

*Carl R. Henry and William F. Knapp,* for defendant.

Souris, J. Defendant doctor treated plaintiff for various injuries incurred in an automobile accident. Following his discharge by defendant, another doctor discovered that plaintiff had suffered a fractured skull which necessitated surgical repair and which, according to plaintiff, resulted in permanent damage. Plaintiff brought this suit charging defendant with malpractice for failure to diagnose and treat the fracture. The suit was filed 25 months after plaintiff's discharge from defendant's care, and 23 months following his discovery of the fracture. At the conclusion of the opening statements, the trial judge directed a verdict in defendant's favor. He did so on the ground that plaintiff's statement of his case and of the facts which he expected to prove[1] would not, as a matter of law, support his theory that defendant fraudulently concealed the cause of action, thereby tolling the 2-year statute of limitations applicable to malpractice actions against physicians.[2]

In this appeal, plaintiff attacks the trial judge's

---

[1] Court Rule No 37, § 2 (1945).

[2] CLS 1956, §§ 609.13, 609.20 (Stat Ann 1959 Cum Supp §§ 27.605, 27.612).

direction of the verdict on 2 grounds: First, he says that the statute of limitations does not begin to run against actions for malpractice until the patient discovers the malpractice. Second, he says that where a fiduciary or confidential relationship exists, such as exists between doctor and patient, even mere silence where there is a duty to speak may constitute fraudulent concealment. Thus, on either or both grounds, plaintiff urges reversal. As to the first, he maintains suit was brought within 2 years of his discovery of the alleged malpractice. As to the second, he maintains his opening statement was sufficient to support proofs of defendant's repeated assurances that plaintiff's head pains would soon disappear, which assurances were made when defendant knew or should have known of the skull fracture.

This Court has had occasion in the past to consider what acts constitute fraudulent concealment of a cause of action against a doctor for malpractice. *Kroll* v. *Vanden Berg,* 336 Mich 306; *Draws* v. *Levin,* 332 Mich 447; *Buchanan* v. *Kull,* 323 Mich 381; *Weast* v. *Duffie,* 272 Mich 534; *De Haan* v. *Winter,* 258 Mich 293; and *Groendal* v. *Westrate,* 171 Mich 92 (Ann Cas 1914B, 906). In the last case cited, but the first of those cases decided, *Groendal* v. *Westrate,* the Court displayed the law's proper regard for the protection of the rights of one whose relationship to another is subservient because it is confidential or fiduciary in nature. It is to be regretted that the facts of the other cases dealing with allegations of fraudulent concealment of a cause of action between a patient and a doctor did not require the Court to acknowledge the *Groendal Case,* which recognized that the "relation of physician and patient, * * * of itself, begets confidence and reliance on the part of the patient" and that in cases where fraudulent concealment by a physician is charged the relationship of the parties "must be

critically examined." It is to be regretted because it might be thought from examination of the subsequent cases that the law of this State draws no distinctions in fraudulent concealment cases between those who deal with one another at arm's length and those whose relationship is confidential or fiduciary. In malpractice actions against doctors, the law is, and has been at least since the *Groendal Case,* that a higher standard is applied in determining whether a doctor fraudulently concealed a cause of action from a patient than is applied where fraudulent concealment is alleged in cases between 2 corporations or 2 businessmen dealing at arm's length. The law does critically examine the relationship between patient and doctor, the disparities between them in knowledge and experience and the reliance placed upon the doctor by the patient in determining whether there has been fraudulent concealment of a cause of action.[3] Such factors must be considered before the Court can determine that the doctor made sufficient disclosure of the facts to his patient, in meaningful language, or that what he did say, the manner in which he said it, or what he failed to say, constitutes fraudulent concealment.

In the case at bar, plaintiff was admitted to a hospital in Alpena for treatment of injuries received in an automobile accident. Dr. Hier examined plaintiff and diagnosed his injuries as lacerations of the forehead and contusions of the chest. He sutured the forehead, and on the following day X-rays were taken of the chest area, but none was taken of the head notwithstanding plaintiff's complaints of head pains. The doctor assured plaintiff that the headaches would subside in the near future. The next day the doctor again assured plaintiff that the headaches would subside in due time and released him

---

[3] 31 Mich L Rev 875, 901.

from the hospital with instructions to have the sutures on his forehead removed by his family physician. Such were the facts alleged in plaintiff's declaration and repeated in substance in the opening statement which the trial judge found legally insufficient to constitute fraudulent concealment.

Whatever may be said regarding the medical treatment of plaintiff by the defendant doctor, and it must be kept in mind that we are not yet concerned with the question of malpractice, the trial judge was right in concluding that plaintiff's allegations of fact did not support his claim that his cause of action was fraudulently concealed from him by Dr. Hier, thereby tolling the statute of limitations.

It was in *De Haan* v. *Winter,* 258 Mich 293, in which this Court described what fraudulent concealment is, what must be fraudulently concealed. It was there said (p 296) that "fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action."

In *Weast* v. *Duffie,* 272 Mich 534, an unusual suit in which plaintiff sought in a court of equity to rescind a covenant not to sue which he claimed he was fraudulently induced to give his doctor, the Court considered whether the statute of limitations would have been tolled by the doctor's alleged fraudulent concealment of a cause of action for malpractice. Fraudulent concealment was there (p 539) defined by reference to 37 CJ, Limitation of Actions, §§ 358, 359, p 976:

"The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action. If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party

will be held to know what he ought to know, pursuant to the rule hereinbefore stated (*i. e.*, by the exercise of ordinary diligence).

"It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim."

The *De Haan* description of fraudulent concealment was applied in *Buchanan* v. *Kull,* 323 Mich 381, and the Court ruled that plaintiff's cause of action had been fraudulently concealed from her by defendants' repeated false diagnosis of her continuing complaints following the act of malpractice. It was also applied in *Draws* v. *Levin,* 332 Mich 447.

These cases serve only to emphasize the point that it is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury resulting from the malpractice, by diverting the patient from discovering the malpractice or the party responsible therefor, or by other means the effect of which is to conceal from the patient his right to sue. In the case at bar, plaintiff's own allegations negate his charge that Dr. Hier fraudulently concealed plaintiff's cause of action. Assuming there was negligence constituting malpractice by the doctor, his concurrent actions as alleged by plaintiff hardly were calculated to draw the veil of secrecy over the act, for Dr. Hier directed plaintiff to his family physician for the purpose of removing the sutures. Were his purpose one of concealment, it is hardly likely that he would have referred plaintiff to one who could be expected to discover the malpractice, as ultimately occurred. Dr. Hier's referral of plaintiff to his family physician distinguishes this case from *Kroll* v. *Vanden Berg,* 336

Mich 306, in which the Court said that had the jury found that the doctor knew the needle was left in the patient's abdomen and failed to disclose such fact (p 311) "though in the confidential relationship of surgeon and patient," it could have found such withholding of knowledge was a fraudulent concealment within the meaning of the statute. We can find no purpose to conceal anything in what Dr. Hier is alleged to have done.

Having concluded that defendant did not fraudulently conceal plaintiff's cause of action and, therefore, that the 2-year statute of limitations applicable to malpractice actions was not tolled, we must determine whether this action was commenced within the time limitation of that statute.[4] The issue is crucial to plaintiff because his suit was started by filing the summons about a month more than 2 years after he was discharged from Dr. Hier's care. Relying upon *De Haan* v. *Winter,* 258 Mich 293, and *Draws* v. *Levin,* 332 Mich 447, defendant contends that our Court has determined a cause of action for malpractice accrues at the time of last treatment by the physician and, hence, that plaintiff's action was barred by the statute.

Plaintiff, on the other hand, insists that in malpractice cases the cause of action accrues only upon discovery by the patient that he has a cause of action, and he maintains that we have so held, citing *Kroll* v. *Vanden Berg,* 336 Mich 306. The *Kroll Case* is not authority for the proposition urged upon us by plaintiff. The opinion in that case deals exclusively with the claim that the statute of limitations was tolled by fraudulent concealment. The Court's references to plaintiff's failure to bring action within 2 years after she was informed of the

---

[4] For an excellent summary of the subject, see Shartel and Plant, The Law of Medical Practice, § 3–29, pp 155–157, and authorities cited therein, particularly 5 U of Detroit LJ 202 (1942).

facts constituting the alleged malpractice related. solely to the fraudulent concealment provision in our statute.

Whatever else may be said for or against the last treatment rule of the *De Haan Case,* followed also in *Buchanan* v. *Kull,* 323 Mich 381, as well as in *Draws* v. *Levin,* 332 Mich 447, it does afford that protection against stale claims, and all of their concomitant evils, sought generally to be avoided by statutes of limitations. Having said that, however, we feel compelled to limit our application here of the last treatment rule to the facts of this case, a case where the patient discovered his cause of action just a month or two after the date of last treatment by defendant but still did not bring suit within the 2-year period. By so saying, we reserve for future consideration applicability of the discovery rule urged upon us by plaintiff for a case which presents a factual situation more appealing than that presented here. See *Huysman* v. *Kirsch,* 6 Cal2d 302 (57 P2d 908); *City of Miami* v. *Brooks* (Fla), 70 So2d 306; and *Ayers* v. *Morgan,* 397 Pa 282 (154 A2d 788).

Affirmed. Costs to defendant.

Smith, Black, Edwards, and Kavanagh, JJ., concurred with Souris, J.

Dethmers, C. J., and Carr and Kelly, JJ., concurred in result.