860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek A. FARMER, Plaintiff-Appellant,
v.
Richard P. SEITER; Thomas J. Stickrath; George F. Denton;
Ronald C. Marshall; Harry K. Russell; Wayne O. Chambliss;
Paul Blair; Arnold Hall; Wayne Taylor; Harlan J. Wagoner,
Defendants-Appellees.
 No. 87-3289.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 Derek Farmer appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Farmer filed this suit on July 10, 1984, seeking declaratory, injunctive and monetary relief claiming that defendants, numerous prison officials, violated his constitutional rights when they unreasonably searched and seized him for possession of contraband, placed him in segregation in violation of procedural due process, and denied him access to the court.
 
 
 4
 The district court dismissed the action as barred by Ohio's one-year statute of limitations. Ohio Rev.Code Sec. 2305.16.
 
 
 5
 On appeal, Farmer argues that his suit was filed in a timely manner because his claims accrued in 1983 due to defendants' continuous violations from July 2, 1982 through July 31, 1983.
 
 
 6
 Upon consideration we conclude that this action was properly dismissed because Farmer's claims accrued on the dates the events initially occurred, and not at a later time when the consequences of the alleged deprivations became more painful. See Hicks v. Hines Inc., 826 F.2d 1543 (6th Cir.1987); Echols v. Chrysler Corp., 633 F.2d 722, 725-26 (6th Cir.1980). Farmer failed to file this action within a year after the respective accrual dates as required under Ohio Rev.Code Sec. 2305.11. See Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985). The suit was therefore properly dismissed.
 
 
 7
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation