*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARMIA WYRICK,

        Plaintiff-Appellant,

v

DAN J. CASTRO, M.D., BRONSON BATTLE
CREEK HOSPITAL, BRONSON HEALTH CARE
GROUP, INC., BRONSON HEALTHCARE
MIDWEST, d/b/a BRONSON HEALTHCARE
MIDWEST OTOLARYNGOLOGY (ENT) HEAD
& NECK SURGERY, and BRONSON
OTOLARYNGOLOGY HEAD & NECK
SURGERY SPECIALISTS–BATTLE CREEK,

        Defendants-Appellees.

UNPUBLISHED
November 07, 2024
3:05 PM

No. 366314[1]
Calhoun Circuit Court
LC No. 2023-000284-NH

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant Dan J. Castro, M.D., under MCR 2.116(C)(7). Plaintiff also challenges the earlier order granting summary disposition in favor of defendants Bronson Battle Creek Hospital, Bronson Health Care Group, Inc., Bronson Healthcare Midwest, d/b/a Bronson Healthcare Midwest Otolaryngology (ENT) Head & Neck Surgery, and Bronson Otolaryngology Head & Neck Surgery Specialists–Battle Creek (collectively, Bronson) under MCR 2.116(C)(7). Because the trial court properly determined that plaintiff failed to timely file her complaint, we affirm.

---

[1] This case was submitted with *Woodford v Castro*, Docket No. 366267, which involves the same legal issues albeit with slightly different facts.

## I. BACKGROUND

Plaintiff began treating with Dr. Castro in early 2014 because of annual sinus infections and thick nasal drainage. Plaintiff alleged that on April 10, 2014, Dr. Castro performed "radical sinus surgery" that included five surgical procedures on her sinuses. She also alleged that, during the surgery, Dr. Castro severed a nerve, which caused a permanent loss of sensation on the roof of her mouth. Further, she alleged that Dr. Castro told her at one point after the surgery that it had been performed incorrectly, and he offered to perform a second surgery, which plaintiff declined. In February 2022, a federal grand jury indicted Dr. Castro for performing unnecessary sinus surgeries on other patients. On July 29, 2022, after hearing about the indictment, plaintiff sent Dr. Castro and Bronson a notice of intent to file suit against them. On January 30, 2023, plaintiff filed her complaint, alleging medical malpractice against Dr. Castro and vicarious liability and negligent credentialing against Bronson.

Dr. Castro and Bronson moved for summary disposition under MCL 2.116(C)(7), arguing that the two-year statute of limitations for medical malpractice actions, MCL 600.5805(8), barred plaintiff's claims and that the exceptions set forth in MCL 600.5838a(2) and MCL 600.5855 were inapplicable. In response, plaintiff argued that she timely filed her complaint under the discovery rule stated in MCL 600.5838a(2) and the fraudulent-concealment exception stated in MCL 600.5855. The trial court granted Dr. Castro's and Bronson's motions for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7) to determine whether the moving party was entitled to judgment as a matter of law." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014). We must view all well-pleaded allegations in the light most favorable to the nonmoving party unless contradicted by the documentary evidence. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). In reviewing a motion under subrule (C)(7), we consider all pleadings, affidavits, and other documentary evidence that the parties submit. *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011). Absent a disputed question of fact, whether the statute of limitations bars a cause of action is a question of law that we review de novo. *Id*. at 629-630.

## III. RELEVANT LEGAL PRINCIPLES AND STATUTES

Under MCL 600.5805(8), the statutory limitations period for a medical malpractice action is two years. *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 263; 4 NW3d 789 (2023). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). Under MCL 600.5838a(2), a plaintiff must file a medical malpractice action within two years after the claim accrues "or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." However, MCL 600.5838a(2) also provides that "the claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim." This six-year period is known as the statute of repose. *Burton v Macha*, 303 Mich App 750, 756; 846 NW2d 419 (2014).

Three additional statutory provisions are relevant to this dispute. MCL 600.5838a(2) states that MCL 600.5838a(3) applies in the following circumstance:

> (a) If discovery of the existence of the claim was prevented by the fraudulent conduct of the health care professional against whom the claim is made . . . or of the health facility against whom the claim is made or a named employee or agent of a health facility against whom the claim is made.

MCL 600.5838a(3) provides:

> An action involving a claim based on medical malpractice under circumstances described in subsection (2)(a) . . . may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff. A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.

Finally, MCL 600.5855 states as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

## IV. ANALYSIS

Plaintiff first argues that her complaint was timely under the discovery rule set forth in MCL 600.5838a(2). She contends that she alleged in ¶ 59 of her complaint that she discovered less than six months before the date of her notice of intent to file suit[2] that her surgery was not medically necessary. She maintains that because defendants failed to provide documentary evidence contradicting her assertion in ¶ 59, the trial court was required to accept her assertion as true, and her complaint was therefore timely under the discovery rule.

Plaintiff's argument is unavailing because of the six-year statute of repose stated in MCL 600.5838a(2). As previously described, the statute of repose provides that a "claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim."

---

[2] MCL 600.2912b requires a medical malpractice plaintiff to provide written notice to a health professional or health facility not less than 182 days before filing an action against them.

MCL 600.5838a(2). Because plaintiff's surgery occurred on April 10, 2014 and she filed her complaint more than eight years later, plaintiff cannot rely on the discovery rule set forth in MCL 600.5838a(2) to save her claims.

Plaintiff argues that the statute of repose is inapplicable because Dr. Castro engaged in fraudulent conduct that concealed the existence of her claims as described in MCL 600.5838a(2)(a) and MCL 600.5855. In *Sills v Oakland Gen Hosp*, 220 Mich App 303, 309-310; 559 NW2d 348 (1996), this Court relied on cases addressing the fraudulent-concealment statute, MCL 600.5855, in interpreting the phrase "fraudulent conduct" in MCL 600.5838a(2)(a). This Court recognized that, under the fraudulent-concealment statute, "the statute of limitation is tolled when a party conceals the fact that the plaintiff has a cause of action." *Id.* at 310. This Court stated that "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment" and "must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Id.* This Court further stated, "[m]ere silence is insufficient." *Id.*

In this case, plaintiff failed to plead fraudulent concealment in her complaint. Moreover, her allegation that her surgery was not medically necessary was part of her claim of general malpractice and was not an allegation that Dr. Castro or Bronson fraudulently concealed her claims.[3] In *Sills*, 220 Mich App at 310, this Court addressed a similar issue and stated as follows:

> In her complaint, plaintiff did not claim that defendants affirmatively acted or made misrepresentations to prevent her from discovering the alleged malpractice. Although plaintiff claimed that defendants failed to inform her of the risks of steroids, that allegation was part of her general claim of malpractice, not a claim of fraud.

Similar to *Sills*, plaintiff in the instant case failed to plead fraudulent concealment in her complaint.

Plaintiff argues that there are two exceptions to the rule requiring her to allege the specific acts or misrepresentations that constituted fraudulent concealment. She first contends that a defendant's silence despite knowledge of a potential cause of action will constitute fraudulent concealment if the parties have a fiduciary relationship. She asserts that the fiduciary-relationship exception to the general rule that mere silence is insufficient to constitute fraudulent concealment was applied in the medical malpractice context in *Kroll v Vanden Berg*, 336 Mich 306; 57 NW2d 897 (1953). In that case, the plaintiff filed a medical malpractice action after a piece of a broken surgical needle was left in her abdominal cavity following surgery. *Id.* at 307-308. Our Supreme Court stated that if the defendant surgeon left the needle in the plaintiff's abdomen and failed to inform her of the needle despite the "confidential relationship of surgeon and patient," that failure could have constituted fraudulent concealment of the plaintiff's cause of action. *Id.* at 311-312. The Court held that the plaintiff's claim was time-barred, however, because she failed to file her complaint within two years after she was advised about the needle. *Id.* at 312.

---

[3] Plaintiff asserts that her claim alleging that her surgery was unnecessary is the only claim against Dr. Castro that is at issue in this appeal.

-4-

Plaintiff's reliance on *Kroll* is misplaced because that case did not establish a broad fiduciary exception to the general rule that mere silence is insufficient to establish fraudulent concealment. Contrary to plaintiff's assertion, the *Kroll* Court did not hold that mere silence is sufficient to establish fraudulent concealment in medical malpractice cases as a matter of law. Rather, the Court stated that the defendant surgeon's silence "could be" considered fraudulent concealment. Thus, plaintiff overstates the holding in *Kroll*.

In *Eschenbacher v Hier*, 363 Mich 676; 110 NW2d 731 (1961), which our Supreme Court decided eight years after *Kroll*, the Court explained the rule pertaining to medical malpractice cases:

> In malpractice actions against doctors, the law is, and has been at least since the *Groendal* case [*Groendal v Westrate*, 171 Mich 92; 137 NW 87 (1912)], that a higher standard is applied in determining whether a doctor fraudulently concealed a cause of action from a patient than is applied where fraudulent concealment is alleged in cases between two corporations or two businessmen dealing at arm's length. The law does critically examine the relationship between patient and doctor, the disparities between them in knowledge and experience and the reliance placed upon the doctor by the patient in determining whether there has been fraudulent concealment of a cause of action. [Footnote omitted] Such factors must be considered before the Court can determine that the doctor made sufficient disclosure of the facts to his patient, in meaningful language, or that what he did say, the manner in which he said it, or what he failed to say, constitutes fraudulent concealment.
>
> * * *
>
> [I]t is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury resulting from the malpractice, by diverting the patient from discovering the malpractice or the party responsible therefor, or by other means the effect of which is to conceal from the patient his right to sue. [*Eschenbacher*, 363 Mich at 680, 682.]

Notably, the *Eschenbacher* Court did not state that a doctor's mere silence was sufficient to establish fraudulent concealment because of the fiduciary relationship between a physician and patient. Moreover, the Court held that the defendant physician did not fraudulently conceal his failure to diagnose and treat the plaintiff's skull fracture. In so holding, the Court relied to a significant extent on the fact that the defendant physician referred the plaintiff to his family doctor, who ultimately discovered the physician's malpractice. *Id*. at 678, 682-683.

In the instant case, plaintiff alleged that Dr. Castro performed "radical sinus surgery" despite the radiologist's report indicating that plaintiff suffered from chronic sinusitis, a condition that, according to the complaint, is normally treated with "less invasive methods." Plaintiff also alleged that her surgery failed to relieve her symptoms and she required further treatment from other specialists. Plaintiff's failure to improve and consultation with other specialists following her surgery should have alerted her of a possible claim that her surgery was unnecessary, particularly considering her assertion that chronic sinusitis is typically treated with methods less

invasive than surgery. Instead of filing her complaint within two years after her symptoms failed to improve and she treated with other specialists as MCL 600.5855 required,[4] she waited more than eight years following her surgery and filed her complaint only after she became aware that Dr. Castro had performed unnecessary surgeries on other individuals. The surgeries involving the other individuals were unrelated to plaintiff's surgery and irrelevant to when plaintiff should have discovered her possible claims. Under these facts, Dr. Castro's silence did not constitute fraudulent concealment of plaintiff's claims against them.

Next, plaintiff argues that there exists a second exception to the general rule that fraudulent concealment requires an affirmative act. She asserts that when the basis of a cause of action is fraud, the fraud is regarded as a continuing affirmative act and the defendant's silence is treated as concealment of the cause of action. Plaintiff relies on *Draws v Levin*, 332 Mich 447, 452-453; 52 NW2d 180 (1952), citing *Dowse v Gaynor*, 155 Mich 38, 43; 118 NW 615 (1908), which states as follows:

> "When the basis of the action is some wrong other than a fraud, the fraudulent concealment which will work a postponement of the statute [of limitations] must be a concealment produced by affirmative acts or misrepresentations. A mere silence on the part of the defendant is not enough. . . . *Where, however, the basis of the action is a fraud perpetrated by the defendant, the original fraud is regarded as a continuing affirmative act, and mere silence of the defendant is treated as a concealment*." [Emphasis added.]

As previously discussed, MCL 600.5855 required plaintiff to file her complaint within two years after her symptoms failed to improve and she treated with other specialists. Because she failed to do so, her complaint was untimely.

## V. CONCLUSION

Because the trial court properly determined that plaintiff's claims were time-barred, we affirm the trial court's orders granting summary disposition in defendants' favor.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani

---

[4] As previously discussed, MCL 600.5855 required plaintiff to file her complaint within two years after she discovered, or should have discovered, the existence of her claim.