**Paul BOROCK, Trustee for Sardo Corporation, Plaintiff,**

v.

**COMERICA BANK–DETROIT, a federally chartered banking institution, successor to Manufacturers Bank, N.A., David T. Provost and Gary J. Cortner, jointly and severally, Defendants.**

No. 94–CV–70169.

United States District Court, E.D. Michigan, Southern Division.

Aug. 30, 1996.

Jeffery D. Meek, Livonia, MI, for Plaintiff.

David G. Chardavoyne, Marc M. Bakst, Bodman Longley & Dahling, Detroit, MI, for Comerica & Cortner.

Thomas J. Tallerico, William G. Asimakis, Jr., Patrick M. McCarthy, Howard & Howard Attorneys, P.C., Bloomfield Hills, MI, for Provost.

## OPINION AND ORDER

FEIKENS, District Judge.

Defendants Comerica and Provost have filed new motions for summary judgment in this lender liability law suit. In my April 4, 1996 opinion, I granted their motions for summary judgment on all claims except Plaintiff's claims for breach of fiduciary duty. Defendants now attack this claim by arguing that it is barred by the statute of limitations. I grant the motion of Defendant Provost and deny the motion of Defendant Comerica.

### I. *Background* [1]

Plaintiff, the bankruptcy trustee for the Sardo Corporation ("Sardo"), claims that Defendants Provost and Comerica breached their fiduciary duty to Sardo. Plaintiff contends that Provost, as agent of Defendant Comerica,[2] created a fiduciary duty to Sardo by becoming its financial adviser, entertaining its owners at bank functions, and convincing them to pursue an unsound business strategy. Provost also allegedly told the owners of Sardo that the bank was "with Sardo for the long haul" and that the bank would "work with Sardo" regarding its rapidly growing debt.

Because Defendants claim the statutes of limitation bar this action, it is important to be clear on the relevant dates. Defendant Provost was first employed by the bank in 1982 as a loan officer. In 1985 he moved into its private banking department but continued his relationship with Sardo. In January 1989, Provost left the bank to work elsewhere. Plaintiff contends that the fiduciary duty owed Sardo was breached in 1991 when Comerica, among other actions, unexpectedly pulled Sardo's line of credit and refused a reasonable pay down plan. Finally, Plaintiff filed suit on December 17, 1993.

---

1. For a full recitation of the facts, see my April 4, 1996 opinion.

2. Defendant Provost was actually employed by Manufacturers Bank at the time of his involvement with Sardo. Comerica became the successor in interest to Manufacturers Bank by merger.

## II. *Analysis*

### A. *Summary Judgment:*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To make this determination, a court must look beyond the pleadings and evaluate the evidence to determine whether a trial is necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). If defendant carries its burden showing there is insufficient evidence to support a claim, plaintiff must show that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A mere scintilla of evidence is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989). In making such a determination, the court must consider the standard of proof the plaintiff must meet to succeed on the merits at trial. *Anderson*, 477 U.S. at 253–54, 106 S.Ct. at 2512–13.

### B. *The Applicable Statute of Limitations*

Michigan case law has characterized a claim for breach of fiduciary duty as a common law tort and requires that the three year, residual tort statute of limitations, M.C.L. § 600.5805(8), govern such actions. *See Citizens for Pretrial Justice v. Goldfarb*, 415 Mich. 255, 327 N.W.2d 910 (1982); *Dennis v. Robbins Funeral Home*, 428 Mich. 698, 705–06, 411 N.W.2d 156 (1987); and *Providence Hospital v. National Labor Union Health & Welfare Fund*, 162 Mich.App. 191, 196, 412 N.W.2d 690 (1987). Hence, Plaintiff's cause of action must have been filed within three years of Defendants' alleged breach of their fiduciary duty to Sardo.

### C. *Defendants' Motions for Summary Judgment*

Plaintiff filed this suit on December 17, 1993. Therefore, given the applicable three year limitations period, only a breach of fiduciary duty occurring on or after December 17, 1990 is actionable. It is the Plaintiff's position that the fiduciary duty owed to Sardo was breached no earlier than 1991 when the bank unexpectedly pulled Sardo's line of credit and refused a reasonable pay down plan.

Defendant Provost argues that any wrongful conduct that he might have perpetrated on behalf of the bank could have occurred no later than January 1989, when he left the bank's employment. It is readily apparent that this date is outside the limitations period. Given this fact, and the fact that Plaintiff has not pleaded any wrongful conduct by Provost as an individual within the limitations period, Defendant Provost's motion for summary judgment must be granted.[3]

Defendant Comerica makes two arguments in support of its motion for summary judgment. It first argues that the three year limitations period began "at the moment defendant breached its duty, not when plaintiff discovered or felt his injury," citing M.C.L. § 600.5827 [4] and *Kennedy v. Local 38 United Brewery Flour Cereal Soft Drink and Distillery Workers of America*, 3 Mich.App. 700, 704–06, 143 N.W.2d 596 (1966). Applying this rule to the facts of this case, Defendant argues that the alleged breach of fiduciary duty occurred when Defendant Provost gave bad advice to Sardo and that Sardo experienced the injury of this breach in 1991 when the bank pulled Sardo's line of credit and

---

**3.** Even if Plaintiff could plead such facts now, it may be that the statute of limitations would bar such an amendment.

**4.** M.C.L. 600.5827 provides:
Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

refused Sardo's pay-down plan. Given that Defendant Provost left the employment of the bank in 1989, thereby concluding any advice he might have given Sardo on behalf of the bank, Defendant Comerica argues that the three year limitations period began in 1989 and ended in 1992, before the filing of this suit. This argument is sophistry and without merit.

 Michigan courts have held that a fiduciary relationship exists when there is a reposing of faith, confidence, and trust and the placing of reliance by one upon the judgment and advice of another. *Williams v. Griffin,* 35 Mich.App. 179, 183, 192 N.W.2d 283 (1971). The breach of a fiduciary obligation occurs when a position of influence has been acquired *and abused,* when confidence has been reposed *and betrayed. Smith v. Saginaw Savings & Loan Association,* 94 Mich. App. 263, 274, 288 N.W.2d 613 (1979). Applying the law to the alleged facts of this case, the fiduciary duty to Sardo was created when Provost's financial advice and commitments were offered, accepted, and relied upon by Sardo. The fiduciary duty was breached when the confidence and reliance of Sardo were allegedly betrayed, i.e., when the bank pulled Sardo's line of credit and refused its pay-down plan in 1991. Since the breach occurred in 1991, Plaintiff's 1993 complaint was timely and is not barred by the three year statute of limitations.

 Defendant Comerica's argument for summary judgment is also undercut by the authority it cites in support of its rule for the accrual of statutes of limitation. In *Kennedy,* the court of appeals applied a legal injury test to determine when the applicable statute of limitations began. It reasoned that a statute of limitations begins to run as soon as a legal cause of action may be pursued. *Kennedy,* 3 Mich.App. at 704, 143 N.W.2d 596. The court of appeals concluded that the statute of limitations began to run when all elements of the plaintiff's cause of action were present.

In applying this test to the facts of this case, it is apparent that Plaintiff could not have sued until 1991. Defendant Comerica argues that the statute of limitations should begin to run no later than 1989, the last year

Provost could have given Sardo advice on behalf of the bank. However, at this time Sardo did not have a cause of action against Provost or Comerica. It was not until Comerica allegedly pulled the rug out from under Sardo in 1991 that a cause of action existed. Hence, in applying the test of *Kennedy,* the statute of limitations in this case did not begin to run until 1991, not 1989 as argued by Defendant.

 Defendant Comerica's second argument for summary judgment is also without merit. It contends, without citing to any authority, that it ceased to owe a fiduciary duty to Sardo when Defendant Provost left its employment:

> Even if the Court accepts all of Sardo's allegation as true and concludes that a fiduciary relationship may have existed while Provost was at the private banking department of Manufacturers, this relationship ended in January 1989 when Provost left ... [the bank]. Because any alleged fiduciary relationship between Sardo and ... [the bank] could only be based on the acts or status of its agents Provost, any alleged fiduciary relationship between ... [the bank] and Sardo had to have ended when Provost left Manufacturers. Sardo does not claim that after Provost's departure from [the bank], it reposed faith, trust and confidence in any other loan officer, like it had with Provost. Consequently, any breach must have occurred before Provost left ... [the bank] in 1989.

Defendant Comerica Bank's Response Brief at 7. In other words, Defendant Comerica argues that a principal can only be held accountable for the actions of its agent while the agent is employed by the principal. This argument has no merit. Under the doctrine of respondeat superior, a principal is liable for *all* acts of its agent committed within the scope of his employment. *Shinabarger v. Phillips,* 370 Mich. 135, 139, 121 N.W.2d 693 (1963); *Renda v. International Union, U.A.W.,* 366 Mich. 58, 95, 114 N.W.2d 343 (1962). There is no defense for such acts that the agency relationship has since ceased to exist. There is no question that Provost was the agent of Comerica at the time he

made his representations and commitments to Sardo. Those representations were made for the bank by its agent and they do not cease to exist when the agency relationship terminates. It is as though the principal made the commitments itself.

### Conclusion

Defendant Provost's motion for summary judgment is granted. Defendant Comerica's motion for summary judgment is denied.

**IT IS SO ORDERED.**