**GOULD, INC., Plaintiffs,**

v.

**A & M BATTERY AND TIRE SERVICE, et al., Defendants.**

**Civil Action No. 3:CV–91–1714.**

United States District Court, M.D. Pennsylvania.

Jan. 29, 1997.

Dennis Suplee, John Armstrong, Richard A. Barkasy, Edward McBride, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for plaintiffs.

John Privitera, McNamee, Lochner, Titus & Williams, PC, Albany, NY, for defendants.

William Kriner, Kriner, Koerber & Kirk, PC, Clerafield, PA, for Novey Metal Co.

Richard Brickwedde, Green & Seifter, Syracuse, NY, for Louis Perlman and Sons, Inc. and S. Kasowita & Sons.

Michael Flannelly, Morgan & Flannelly, York, PA, for Larami Metal Company, Inc.

### *MEMORANDUM AND ORDER*

CONABOY, District Judge.

Presently before the Court is Gould's motion for partial summary judgment against

certain defendants.[1] (Doc. 1422). Gould contends it has been established through discovery that the named defendants in this pending motion either arranged for or disposed of spent batteries at the Marjol Battery Plant located in the Borough of Throop, Lacakawanna County, Pennsylvania (hereinafter "the site"). We note Gould has filed a motion to withdraw this motion to nine (9) defendants, due either to settlement or to newly discovered facts.[2] For the reasons as set forth *infra*, we shall grant Gould's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding the operations at the site are known to all parties involved, the factual history can be found in the reported case of *Gould, Inc. v. A & M Battery & Tire Service, et al.*, 933 F.Supp. 431 (M.D.Pa. 1996).

Discovery was completed in this action quite some time ago, and had been conducted for an extensive period of time, resulting in numerous volumes of transcripts, responses to requests for production of documents and admissions, as well as reports and ledger entries. Gould contends that discovery has yielded admissions of certain named defendants that they had conducted dealings with Gould or had shipped spent batteries to the site.

Of the named defendants, four (4) have filed opposition briefs to Gould's motion. They are: Novey Metal Co., Louis Perlman & Sons, Inc. and S. Kasowitz & Sons, Inc., and Larami Metal Company, Inc. (Docs. 1460, 1464 and 1465). Counsel for Philip May filed a motion for an extension of time

to file an opposition brief (Doc. 1484). The motion was granted; however, since then, no opposition brief was ever filed.

As to the defendants who did not file an opposition brief, we find that Gould's motion is deemed unopposed in accordance with Local Rule 7.6, Local Rules of Court, M.D. Pa. We therefore only need to address the merits of defendants Novey Metal Co., Louis Perlman & Sons, Inc. and S. Kasowitz & Sons, Inc., and Larami Metal Company, Inc..

### DISCUSSION

**Standard of Review**

Pursuant to Fed.R.Civ.P. 56(c), a motion for summary judgment will only be granted if there is no genuine issue of material fact and if the moving party is entitled to relief as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is "material" if proof of its existence or nonexistence would effect the outcome of the lawsuit under the applicable law in the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir.1987).

In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). A moving party is entitled to a judgment as a matter of law if the nonmoving party does not make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*

---

1. The named defendants in this motion are: Abe E. Nathan and Sons, American Bag & Metal Co., Capitol Scrapyard, Cropsey Scrap Iron and Metal, D. Katz & Sons, Inc., Francis White Scrap Iron & Metal, George Moss, Harry Goldberg & Company, Inc., I. Richman & Company, Klein Metal Co., Inc., Kearney Scrap Co., Larami Metal Co., Maxnor Metal/M. Schipper & Son, Meyer–Saba Metals Co., Nott Enterprises, Inc. f/k/a Frank H. Nott, Inc., Novey Metal Co., Perlman & Sons, Philip May Co., R.L. Poeth Scrapyard, S. Kasowitz & Sons, Inc., Sam Kaufman & Son Metal Co., Schiavone Corp., Wallace Steel, Inc. and Zuckerman Steel Company Inc.

2. The defendants who have been withdrawn from this motion are: American Bag & Metal Co., Inc., D. Katz & Sons, Inc., Nott Enterprises, Inc. f/k/a Frank H. Nott, Inc., Sam Kaufman & Son Metal Co., Wallace Steel, Inc., and Zuckerman Steel Company, Inc. This withdrawal was approved by order of Court dated January 10, 1997 (Doc. 1517). Additionally, Gould's second motion to withdraw Abe E. Nathan Sons, Newburg Scrap Co. and William Kugler & Bro., Inc. from the present motion was also granted on January 28, 1997. (Doc. 1578).

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Once the moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir.1988), the nonmoving party is required by Fed.R.Civ.P. 56(e) to go beyond the pleadings by way of affidavits, depositions or answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. When Rule 56(e) shifts the burden of proof to the nonmoving party, that party must proffer evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir.1987).

When reviewing a motion for summary judgment, the court must decide whether or not there is a genuine issue of material fact which must be resolved at trial or whether the evidence is so one-sided that one party will prevail over the other. *Groff v. Continental Insurance Co.*, 741 F.Supp. 541 (E.D.Pa.1990). "Where factual controversies exist, disputes over material facts that might affect the outcome of the suit under the governing law will probably preclude the entry of summary judgment." *Metro Transportation Co. v. North Star Reinsurance Co.*, 912 F.2d 672, 678 (3d. Cir.1990).

## A. DEFENDANT NOVEY METAL CO.

 Novey Metal contends that the deposition pages submitted by Gould in support of its motion were taken out of context and that said pages fail to reveal evidence of a sale of spent batteries by Novey Metal, or that Novey arranged for the disposal of hazardous substance under § 107(a)(3) of CERCLA. (Doc. 1461, p. 2). Rather, Novey Metals contend "[w]hen Mr. Novey sold batteries, it was to brokers and not individual lead recovery facilities", (Doc. 1461, p. 1), and that Novey Metal only knew that two (2) shipments were bound for the site. (Doc. 1461, Exh. A, p. 2).

We have previously held that "the sale of junk batteries to a battery recycling facility constitutes an arrangement for disposal or treatment of a hazardous substance". *Gould, Inc. v. A & M Battery & Tire Service, et al.*, 933 F.Supp. 431, 436 (M.D.Pa.1996); Memorandum and Order dated June 17, 1996 denying defendant Denver Construction Company's (t/a Lukens Metal and Harold Strauss in his own capacity, also a broker) motion to reconsider our memorandum and order dated April 24, 1996. We stated that "this Court has previously determined that a party that sells junk batteries to a battery-breaking company faces arranger liability under CERCLA." (Doc. 1292, p. 3). Furthermore, in *Chesapeake and Potomac Telephone v. Peck Iron & Metal*, 814 F.Supp. 1293, 1295 (E.D.Va.1993), the court held that liability will attach "once a defendant receives notice from its go-between that its batteries ultimately had been sent to [a particular site], it clearly [is] on notice, as far as future transactions with that middleman were concerned, that its batteries could well wind up at the [same site]." The responses to Gould's first set of request for admissions and interrogatories submitted to Novey Metal Co. affirmatively show Novey Metal knew that some of their batteries were taken to the site. (Doc. 1461, Exh. A, p. 5). In light of this, we shall grant Gould's motion as it pertains to Novey Metal Company.

## B. DEFENDANTS LOUIS PERLMAN & SONS, Inc. AND S. KASOWITZ & SONS

Defendants Louis Perlman & Sons, Inc. and S. Kasowitz & Sons, Inc. (hereinafter "Kasowitz and Perlman") contend that both of these corporations are not liable because: (1) there was no arrangement for the disposal of any hazardous waste; and (2) there is no genuine issue of material fact whether batteries sold by Kasowitz and Perlman were disposed of at the Marjol site, since the deposition of Lawrence Figelman reveals that in addition to going to the site in question, Marjol trucks also went to other dumping sites in Toronto and New Jersey. Also, both corporations ask this Court to reconsider its order granting Gould's motion for summary judgment against eighty-five (85) defendants which was entered by order of

Court dated July 15, 1995. *Gould, Inc. v. A & M Battery & Tire Service, et al.*, 933 F.Supp. 431 (M.D.Pa.1996). We are unpersuaded by all three of these arguments.

### 1. The defendants did not arrange for the disposal of hazardous waste

We have previously held that "the sale of junk batteries to a battery recycling facility constitutes an arrangement for disposal or treatment of hazardous substance." *Gould*, 933 F.Supp. at 436. Furthermore, other courts have held that even if the sale is through a middle-man or broker, the indirect seller is *still* liable. "[P]arties cannot escape liability under CERCLA by operating blindfold.... [D]efendants who sold batteries [to Marjol] through a broker cannot escape liability merely because it was the middleman who decided to sell the batteries to [Marjol]." *Chatham Steel Corp. v. Brown*, 858 F.Supp. 1130, 1144 (N.D.Fla.1994). Kasowitz and Perlman's argument that the spent batteries which were disposed of do not constitute "waste" but rather are a "commodity" also fails, due to the holding of the *Chatham* case which Kasowitz and Perlman cite as their authority. In *Chatham*, the court held that "if the product has no value for the purpose for which it was manufactured and contains a hazardous substance [such as lead], then it is more likely then the sale is an arrangement to dispose of the substance." *Chatham*, 858 F.Supp. at 1140 (*citing Prudential Insurance Co. v. United States Gypsum*, 711 F.Supp. 1244, 1254 (D.N.J.1989). As these *spent* batteries were not sold in a transaction to Marjol for placement in automobiles or machines, but rather were sold to Marjol for the reclamation of the lead, we find that such arrangements, through direct scrap dealers or through brokers or other middlemen, *is* an arrangement under CERCLA. This ruling, contrary to what Kasowitz and Perlman argue, is not against our prior rulings. *See e.g., Gould*, 933 F.Supp. at 436 (where we

held that spent batteries sold for lead reclamation and not for their electric current were not sales of batteries under the useful product doctrine).

Furthermore, counsel for Kasowitz and Perlman cite the case of *South Florida Water Management District v. Montalvo*, 84 F.3d 402 (11th Cir.1996) for the proposition that the corporations had not "arranged for" any disposal of a hazardous substance.[3] We disagree with the *Montalvo* case and counsel's opinion that the *Montalvo* case and this case are "factually similar."

The present case, progressing to trial in approximately one (1) month, deals squarely with the disposal, arranged or direct, of spent battery casings which were sold to the site for lead reclamation purposes. The *Montalvo* case was a decision based upon a motion to dismiss for failure to state a claim upon which relief can be granted, and dealt with parties who had contracted the services of another for spraying pesticides over land. Although the *Montalvo* court refused to find that such a contract was an arrangement under CERCLA, the court was dealing with what appeared to be a seriously deficient complaint lacking in allegations. Indeed, the *Montalvo* court found that the release of pesticides was not controlled by CERCLA, but rather was controlled by FIFRA.[4] *Montalvo*, 84 F.3d at 409, n. 11. We are therefore unpersuaded by this decision, and decline to adopt its ruling. We continue to adhere to other decisions, as well as this Court's decision, that have held otherwise. *See e.g. United States v. Cello–Foil Products, Inc.*, 100 F.3d 1227, 1231 (6th Cir.1996) (addressing what constitutes a contract under the CERCLA phrase "arranged for"); *Chatham*, 858 F.Supp. at 1144 (the sale of spent batteries to a recycling plant is a liability and an arrangement under CERCLA); *Gould*, 933 F.Supp. at 437 (the sale of spent batter-

3. We note that counsel for Kasowitz and Perlman cited the *Montalvo* case on page one (1) of his brief without an official citation, mentioned the *Montalvo* case throughout his brief without a citation, and gave a three (3) page block quotation to the *Montalvo* case without a citation. Counsel finally gave a citation to the *Montalvo* case at page twelve (12) of his brief, and even

then, the citation was to the Environment Reporter Cases (ERC). The *Montalvo* case is a published opinion, reported at 84 F.3d 402 (11th. Cir.1996).

4. The Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136–136w.

ies to a reclamation site is both an arrangement and a liability under CERCLA).

### 2. Kasowitz and Perlman's request for reconsideration

■ In line with the above argument, Kasowitz and Perlman ask this Court to "revisit [our earlier decision of granting summary judgment in favor of Gould] in light of *South Florida.*" A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). Not only do we state that our previous decision was not a manifest error of law, we also note that *Montalvo* decision of June 3, 1996, preceded our decision of July 15, 1996. This does not constitute subsequent case law. Therefore, Kasowitz and Perlman's request for reconsideration is denied.

### 3. The claim that there is no genuine issue of material fact

■ Finally, Kasowitz and Perlman contend there is a genuine issue of material fact, since "both the Kasowitz and Perlman sales and shipment of batteries to Gould involved unique circumstances that create a genuine issue of material fact whether any scrap sold by them to Marjol/Gould was disposed of at the site." We disagree and note that Kasowitz and Perlman have failed to meet the burden of production under Fed.R.Civ.P. 56(e).

Kasowitz and Perlman state that there is a genuine issue of material fact whether any of the batteries sold by them to the site actually were deposited at the site, basing this contention on the deposition of Lawrence Figelman. (Doc. 1463, Exh. A). Figelman testified that in addition to trucks going to the site, some trucks also went to Toronto and New Jersey. (Doc. 1463, Exh. A, pp. 1–2). Although Figelman stated that there was a 10% possibility that batteries bought by the site ended up at another site, (Doc. 1463, Exh. A, p. 4), the deposition does not reveal that the Kasowitz and Perlman batteries fell within that 10%. Furthermore, in support of their contention, Kasowitz and Perlman submit another part of the Figelman deposition which has no mention of either party.

A moving party is entitled to a judgment as a matter of law if the nonmoving party does not make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Additionally, if the nonmoving party fails to carry the shifted burden of producing documents which effectively support their contentions, then summary judgment will be granted. Fed.R.Civ.P. 56(e). If there is no showing of *specific* material facts which give rise to a genuine issue, *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), then that party has failed to meet his procedural burden.

■ Kasowitz and Perlman have failed to effectively show that any of their battery shipments did not go to the site. "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor ... and cannot simply reassert factually unsupported allegations...." *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460 (3d Cir.1989). This also goes for the affidavit submitted by Jane Perlman, for it only contains factually unsupported contentions and allegations contrary to Gould's factual evidence. Personal knowledge "means that affidavits must be 'devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions.'" *Turiano v. Schnarrs,* 904 F.Supp. 400, 407 (M.D.Pa.1995) (quoting *Carey v. Beans,* 500 F.Supp. 580, 583 (E.D.Pa.1980)). For these reasons, we find that Kasowitz and Perlman have failed to effectively show a genuine issue of material fact which would warrant a denial of Gould's motion for summary judgment.

### C. DEFENDANT LARAMI METAL COMPANY, INC.

■ Finally, defendant Larami Metal Company, Inc. (hereinafter "Larami") contends that there is a genuine issue of material fact, since Gould only submitted two (2)

two invoices indicating broker transactions on the part of Larami, and that Larami does not physically touch or handle any batteries in its standard brokered transactions. Because we have previously held in this memorandum as well in other memoranda in this action that "the sale of junk batteries to a battery recycling facility constitutes an arrangement for disposal or treatment of a hazardous substance",[5] Larami is responsible for the sale of spent batteries it brokered for scrap dealers. It makes no difference whether Larami physically touched the spent batteries, for a party need not have actual control or ownership over the hazardous waste in order for § 107(a)(3) liability to attach. *United States v. Bliss,* 667 F.Supp. 1298, 1307 (E.D.Mo.1987). Physical touching of the spent batteries is irrelevant; all that is necessary is that the broker or party disposed of the batteries at the site.

### CONCLUSION

Based on the foregoing reasons and case law, we shall grant Gould's motion for partial summary judgment (Doc. 1422). We find that construing the facts in a light most favorable to the non-moving parties who have filed opposition briefs, there still remains no genuine issue of material fact regarding their liability. An appropriate order is attached.

---

**5.** *Gould, Inc. v. A & M Battery & Tire Service, et al.,* 933 F.Supp. 431, 436 (M.D.Pa.1996); Memorandum and Order dated June 17, 1996 denying defendant Denver Construction Company's (t/a

Lukens Metal and Harold Strauss in his own capacity, also a broker) motion to reconsider our memorandum and order dated April 24, 1996.